In the Matter of the Estate of WILLIAM J. KELLEY, Deceased.

Surrogate's Court, New York County, April 2, 1940.

*William J. Scanlon,* for the petitioner.

*William C. Chanler, Corporation Counsel [Herbert Lefkowitz* of counsel], for the City of New York, respondent.

DELEHANTY, S. Petitioner in this proceeding is an ancillary administrator of Delia Kelley. His appointment as such administrator was validated by decree of this court entered pursuant to the remittitur of the Appellate Division in this department. That court made its determination in a proceeding instituted by the public administrator of New York county to revoke ancillary letters of administration theretofore issued. (258 App. Div. 469.)

In the instant proceeding the respondent is the city of New York. It is possessed of property of Delia Kelley. In its answer to this application it puts in issue the allegations of the petition which assert the death of Delia Kelley. If in fact she be living a pay-

ment made pursuant to decree in this proceeding will not be a protection to the city of New York or its taxpayers. Delia Kelley could compel a second payment. Petitioner's counsel stated that he would not endeavor to present proof of the death of Delia Kelley since he could not in fact make that proof. He relies entirely upon the proceedings heretofore had on the appeal taken by him in the proceeding wherein the public administrator of New York county was petitioner and upon his status as ancillary administrator.

The case, therefore, stands in the same position as if the petitioner were asserting on the pleadings a right to be paid by the city despite a denial by the city of the death of Delia Kelley. It is the settled law of this State that the letters of administration even if issued in this State would not establish *prima facie* that Delia Kelley is dead. (*Scott* v. *McNeal*, 154 U. S. 34; *Marks* v. *Emigrant Industrial Savings Bank*, 122 App. Div. 661; *Carroll* v. *Carroll*, 60 N. Y. 121; *Matter of Killan*, 172 id. 547; *Williams* v. *Post*, 158 App. Div. 818; *Matter of Katz*, 135 Misc. 861; *Bering* v. *U. S. Trust Co.*, 201 App. Div. 35. See, also, discussion in 119 A. L. R. 594.) On the authorities cited the proceeding must be dismissed for failure of proof.

Submit, on notice, decree accordingly.