**DENCY PARKER v. JOHN H. PARKER**

21 So. (2nd) 141             January Term, 1945
February 27, 1945             Division A

*John M. Murrell* and *J. M. Flowers,* for appellant.

*J. B. Cozatt,* for appellee.

TERRELL, J.:

Dency Parker sued her husband John H. Parker for separate maintenance. The defendant, John H. Parker, tendered a divorce decree granted him in Cuba and a decree of a Cuban court dismissing complainant's suit to set aside the Cuban divorce as a defense. It is contended that if said decrees are given force and effect in Florida, they will set at rest the claim for separate maintenance.

The parties were married in Havana, Cuba, in January, 1940, and were citizens of this country at that time. They were residents of Cuba at the time the divorce litigation was in progress. In September, 1940, by agreement of the parties, Dency Parker came to this country to visit her people. John H. Parker sent her regular remittances from the time she left Cuba until September, 1941. In June, 1941, he (John H. Parker) brought suit for divorce on the ground of voluntary and continuous desertion for six months, such being ground for divorce in Cuba. He alleged that he did not know her domicile so he had her served by publication. She received no notice of the divorce suit though he (John H. Parker) knew where she was and sent her remittances while the divorce suit was pending.

The final decree of divorce was entered in Cuba September 3, 1941. The defendant (appellant here) returned to Cuba late in September and received the first tidings of the divorce decree. In December, 1941, she brought suit in Cuba to set

aside the divorce decree and to punish her husband for his criminal conduct. This suit appears to have been dismissed because under the law of Cuba a wife is not permitted to bring a penal action against the husband except for offenses against her person. The Cuban court dismissed the entire proceeding notwithstanding the fraud perpetrated in procuring the divorce.

The chancellor held that the Cuban divorce should be recognized in Florida because the parties were residents of Cbua when it was secured, that the divorce decree and the decree refusing to set it aside were regular under the law of Cuba and that the parties were charged with the knowledge of the law of Cuba.

In this state of facts, the only question with which we are confronted is whether or not the chancellor erred in recognizing the Cuban divorce as a defense to the suit for separate maintenance.

We think this question must be given an affirmative answer. Good faith and due process is the very bed rock on which our system of jurisprudence is constructed. Not one semblance of that was observed in procuring the Cuban divorce. The full faith and credit clause of the Federal Constitution has no application to judgments of a foreign country, they being restricted solely to judgments of the States. Aetna Life Ins. Co. v. Tremblay, 223 U. S. 185, 32 Sup. Ct. 309, 56 L. Ed. 398; Warren v. Warren, 73 Fla. 764, 75 So. 35.

In the last cited case, we held that the judgment of a foreign country would not be recognized unless opportunity had been given for a fair trial after service or voluntary appearance of the defendant, under a system of jurisprudence likely to secure an impartial administration of justice between citizens of its own country and those of other countries, there being no showing of prejudice in the court or in the system of laws under which it is sitting or fraud in procuring the judgment.

The decision of the Cuban court refusing to annul the decree of divorce was not based on fraud in its procurement and should not be recognized here because the prerequisites in the preceding paragraph were absent.

638

From this, it follows that the judgment appealed from must be and is hereby reversed.

Reversed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.