**Maria Victoria BRANCA, a minor, and Fernando Javier Branca, a minor, by their parent, natural guardian, and next friend, Ana Maria BRANCA, Plaintiffs-Appellants,**

v.

**SECURITY BENEFIT LIFE INSURANCE COMPANY, a Kansas Corporation, Defendant-Appellee.**

No. 83–5514.

United States Court of Appeals, Eleventh Circuit.

Oct. 15, 1985.

Marc Postelnek, Miami Beach, Fla., for plaintiffs-appellants.

William J. Gallwey, III, P.A., Shutts & Bowen, Miami, Fla., for defendant-appellee.

Before HILL, KRAVITCH and SMITH *, Circuit Judges.

EDWARD S. SMITH, Circuit Judge:

In this insurance case, appellants Maria Victoria Branca and Fernando Javier Branca, both of whom are minors, and their guardian, Ana Maria Branca (the Brancas), appeal the judgment of the United States District Court for the Southern District of Florida dismissing, on the merits, for failure to carry their burden of proof, the Brancas' action to collect the proceeds of two life insurance contracts. We affirm in part and remand.

* Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

## Issues

We address four issues. First, we must determine the effect of a judicial presumption of death rendered by an Argentine court and admitted into evidence at trial to prove the insured's death. Second, we decide the preclusive effect of a judgment of a Florida probate court on a suit in a United States district court sitting in Florida, and whether that judgment is prima facie evidence of the facts it recites. Third, we consider whether the trial court properly refused to grant the Brancas' motion for a new trial under FED.R.CIV.P. 60(b)(6). Finally, we decide whether the trial court erred by not ruling whether appellee Security Benefit Life Insurance Company (Security) deserved to be sanctioned for violating an order of the United States District Court for the District of Kansas that compelled discovery.

## Background [1]

On May 8, 1975, Security issued two life insurance policies to Fernando Arturo Branca (Fernando), a resident of Buenos Aires, Argentina, who designated his children, Maria Victoria Branca and Fernando Javier Branca, as beneficiaries of the policies. Fernando traveled frequently to the United States and Europe for business and pleasure, and maintained property and bank accounts in Miami, Florida, where the insurance contracts arose.

Fernando disappeared from his residence in Buenos Aires on April 28, 1977, and no witness in this litigation has seen, heard from, or spoken with him since that date. Conversely, no body was ever recovered, nor was any physical evidence of Fernando's death adduced at trial. No evidence suggested that Fernando's disappearance was violent. The two policies lapsed for failure to pay the required premiums in September 1977.

On March 16, 1981, the Argentine Court of Civil and Commercial Federal Affairs declared Fernando presumptively dead and fixed the date of his death at April 28,

1. While other facts surround this appeal, we recite only those facts material to this decision.

1977. A Florida probate court later determined heirs and fixed the date of Fernando's death based on the Argentine court's decree. The instant suit to recover on the two life insurance contracts followed in 1981.[2]

## Opinion

### A. The Argentine Decree

■ As a preliminary matter, we rule on Security's objection to the trial court's admission of the Argentine decree into evidence. We observe that the insurance contract required due proof of death before Security became obligated to disburse the policies' proceeds. We must decide whether the admission of the decree was proper as a matter of law or if it constituted an abuse of discretion. Security contends that the Argentine court's decision is hearsay and admissible under no exception to hearsay. We agree that the Argentine decree is hearsay.[3] The trial court, however, admitted the decree into evidence under the "catch-all" hearsay exception given by FED.R.EVID. 803(24). That exception reads as follows:[4]

> (24) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the propo-

nent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

*Mathis v. United States,* succinctly describes the rules for admitting evidence under 803(24).[5]

> In order for evidence to be admitted pursuant to Rule 803(24), five conditions must be met. These are:
>
> (1) The proponent of the evidence must give the adverse party the notice specified within the rule.
>
> (2) The statement must have circumstantial guarantees of trustworthiness equivalent to the 23 specified exceptions listed in Rule 803.
>
> (3) The statement must be offered as evidence of a material fact.
>
> (4) The statement must be more probative on the point for which it is offered than any other evidence the proponent can procure through reasonable efforts.
>
> (5) The general purposes of the Federal Rules and the interests of justice must best be served by admission of the statement into evidence.

As in *Mathis,* the parties do not dispute that proper notice was given, so the first prerequisite to admissibility is satisfied.[6] The Argentine court issued its decree in accordance with the statutes of Argentina, and we can detect no evidence of fraud or other irregularity in the decree. Because we can find no error in the trial court's determination that the decree has sufficient circumstantial guarantees of trustworthiness to be admitted under this exception to the hearsay rule, the second condition of admissibility is met.[7]

---

**2.** Our jurisdiction of this appeal is founded on 28 U.S.C. § 1291 (1982).

**3.** *See* FED.R.EVID. 801.

**4.** FED.R.EVID. 803(24).

**5.** *Mathis v. United States,* 559 F.2d 294, 298 (5th Cir.1977).

**6.** *Id.*

**7.** *See generally Hilton v. Guyot,* 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95 (1895) (discussing the effect of foreign judgments in United States courts); Reese, *The Status in This Country of Judgments Rendered Abroad,* 50 COLUM.L.REV. 783 (1950) (reviewing development of the *Hilton* doctrine in federal and state courts).

■ Because the Brancas tried to use the decree to prove Fernando's death, a fact material to the litigation, the hearsay was offered as evidence of a material fact, and the third requirement of the rule was satisfied.[8] The decree is the only evidence that tends to show Fernando's death directly; all the other evidence merely shows his absence. Therefore, the Argentine decree is more probative of Fernando's death than any of the Brancas' other evidence, and discharges the rule's fourth requirement.[9] The exception's final requirement is that admission of the hearsay will best serve the general purposes of the rules and the interests of justice. The purpose of the hearsay rule is to preclude admission of unreliable statements into evidence and allow the trier of fact to ascertain the truth of the matter.[10] The trial judge considered this factor but did not explain why it was met; we do not believe that this failure to explain is an abuse of discretion.[11] We are convinced that the trial judge made no error by admitting the Argentine court's judgment into evidence.

After deciding that the Argentine decree of presumptive death was admissible at trial, we turn to the central issue of this case: What effect does the decree have in Florida? At the outset, we acknowledge that we must apply Florida law in this diversity case, and that we must interpret that law in the same way the Florida courts would.[12]

· ■ The Brancas contend that Florida law expressly designates foreign judgments of presumptive death as prima facie evidence of the time and place of death. The Brancas rely on this statutory language:[13]

731.103 Evidence as to death or status

*In proceedings under this code,* the rules of evidence in civil actions are applicable unless specifically changed by the code. The following additional rules relating to determination of death and status are applicable:

\* \* \* \* \* \*

(2) A copy of any record or report of a governmental agency, domestic or foreign, that a person is alive, missing, detained, or, from the facts related, presumed dead is prima facie evidence of the status and of the dates, circumstances, and places disclosed by the record or report. [Emphasis supplied.]

If we assume that the Argentine decree qualifies as prima facie evidence under section 731.103(2), we must determine if the Brancas' action for insurance benefits is one of the "proceedings under this code." We turn to the short title section of the Florida Probate Code, which states:[14]

731.005 Short title

Chapters 731–735 shall be known and may be cited as the Florida Probate Code and herein referred to as "the code" in this act.

In order for the Argentine decree to be prima facie evidence of the fact and date of death, the action must be pursuant to statutory rights defined by the Florida Probate Code. We think it is quite clear that section 731.103 makes the general civil rules of evidence applicable to probate proceedings, subject to the listed modifications. The statute does not allow the use of evidentiary rules tailored to probate actions in the general civil arena. General civil contract law governs the Brancas' action on an insurance contract, and not the law of probate. The Brancas' contract action, therefore, is not one of the "proceedings under

---

8. FED.R.EVID. 803(24)(A); *Mathis,* 559 F.2d at 298.

9. FED.R.EVID. 803(24)(B).

10. *Huff v. White Motor Corp.,* 609 F.2d 286, 295 (7th Cir.1979); *United States v. Friedman,* 593 F.2d 109, 119 (9th Cir.1979); *Mathis,* 559 F.2d at 298.

11. *See Friedman,* 593 F.2d at 118 (requiring an abuse of discretion to reverse admission of hearsay evidence under FED.R.EVID. 803(24)).

12. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

13. FLA.STAT.ANN. § 731.103 (West 1984).

14. FLA.STAT.ANN. § 731.005 (West 1984).

this code" to which the evidentiary rule established in section 731.103(2) applies. The Argentine decree is not entitled to prima facie effect, and the burden of producing evidence never shifted to Security. We conclude as a matter of law that the trial court made no error in admitting the Argentine judicial decree of presumptive death as evidence of the fact and date of Fernando Arturo Branca's death, and that such evidence raised no presumption of the date of death, prima facie, under Florida law.[15]

## B. *The Florida Probate Decree*

The Brancas contend that a judgment of a Florida probate court determining heirs establishes the fact and date of Fernando's death, and that Security failed to rebut this prima facie evidence. We decide this question of first impression adversely to the Brancas.

We first discuss the collateral estoppel effect of the Florida probate court judgment on the present suit. Such discussion is not strictly necessary to decide this case, but the analysis of the Florida view of collateral estoppel guides us in determining the probate court judgment's effect as evidence.

 In order for a Florida court's judgment to have collateral estoppel effect in another suit in Florida, specific criteria must be satisfied. In particular, the parties and issues must be identical, and the particular matter must have been fully litigated and determined in a contest which resulted in a final decision of a court of competent jurisdiction.[16] The Florida courts have refused to adopt the federal law of offensive collateral estoppel to

change these requirements.[17] Security was not a party to the probate suit. Therefore, the judgment of the probate court has no collateral estoppel effect against Security.

The question remains whether the judgment in probate can be prima facie evidence of facts underlying that judgment in the instant suit. The Brancas point to a Court of Claims decision holding a Virginia probate court decree prima facie evidence of the facts it stated in administrative proceedings before the Army Board for Correction of Military Records (ABCMR).[18] In *Midgett*, the Court of Claims decided that the legal presumption of date and fact of death decreed by a Virginia probate court should prevail over an administrative presumption of fact unsupported by the evidence of record before the ABCMR. The *Midgett* decision is a small part of federal administrative common law; would it loom so large in Florida?

 Given Florida's strict requirements for the application of collateral estoppel, as shown by Florida's refusal to adopt the *Parklane* doctrine, we do not think the Florida courts would use the probate court's decree as prima facie evidence of the date of Fernando's death. We use the following policy reasons, in addition to the strict application of collateral estoppel in the Florida courts, to reach our conclusion. A judgment in rem binds the world to any decision affecting the res involved in the litigation. In this way, property rights may be determined with great certainty. Such certainty allows the owners of the property interest to use the property more efficiently, or to transfer their interests more easily. A probate proceeding is in rem because it determines heirs and dispos-

---

15. Because we consider the estoppel effect of the Florida probate court decision, we need not decide whether to grant comity and collateral estoppel effect to the Argentine decree. *See generally Hilton,* 159 U.S. at 164–67, 16 S.Ct. at 143–44 (discussing comity and judgments of foreign nations).

16. *Mobil Oil Corp. v. Shevin,* 354 So.2d 372, 374 (Fla.1977); *Seaboard Coast Line R.R. v. Cox,* 338 So.2d 190 (Fla.1976); *Gordon v. Gordon,* 59 So.2d 40 (Fla.1952).

17. *Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano,* 450 So.2d 843, 845 (Fla. 1984); *see generally Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (discussing offensive collateral estoppel).

18. *Midgett v. United States,* 603 F.2d 835, 846, 221 Ct.Cl. 171 (1979).

es of a deceased's property. Such disposal binds all the world according to the rules of probate. In this case, we do not adjudicate any property rights already determined in probate, nor determine heirs, but consider the fact of death on which probate was based. We see no reason why we should allow a judgment in rem to establish the facts on which that judgment is based in another suit, and we decline to do so.[19] In *Becher*, a case concerning validity of a patent, Justice Holmes stated this policy by writing for the United States Supreme Court that, "[a] judgment in rem binds all the world, but the facts on which it necessarily proceeds are not established against all the world." [20]

We find further support for our position by referring to the Florida rules of evidence. In relevant part, the law recites: [21]

92.07 Judgments and decrees of this state as evidence

The recitals in all judgments and decrees of the Supreme Court and of the several circuit courts of this state, when such judgment or decree appears regular and has been recorded as provided by law for more than 20 years, shall be admissible in evidence as prima facie proof of the truth of the facts so recited. * * *

From this statute, it is clear that judgments are admissible as prima facie evidence of the facts they recite 20 years after they have been recorded. While the statute does not apply in this case, we believe that the Florida legislature would have written a similar statute for the admissibility of probate decrees immediately after they issued in other Florida courts if it had desired such an effect. Because we find no statute authorizing admission of probate

decrees as prima facie evidence of the facts they recite in other proceedings (unless 20 years has elapsed from final judgment), and because Florida policy precludes estoppel by judgment against one not a party to the prior action in a subsequent suit, we hold that the Brancas' contention must fail.

Florida law prescribes for a presumption of death if a person is missing and silent for a set period.[22] The missing person is presumed dead at the end of the set period, unless the jury finds otherwise.[23] The Brancas have chosen not to take advantage of the Florida law on this subject. Their suit was not based on this law, and they did not pay insurance premiums during the legal period required for a presumption of death. The Brancas attempted to have Fernando declared presumptively dead before the time required to give rise to such presumption under Florida law had expired. They have failed.

The Argentine decree of presumptive death has no more effect as evidence in the instant suit than the Florida probate decree. Because the Argentine decree, therefore, would not be prima facie evidence in this suit even if it were granted full faith and credit, we need not analyze the issue. We do not decide what deference beyond the effect in probate we would grant to the Argentine decree because that issue is not necessary to this decision.[24]

To summarize the evidentiary questions raised in this appeal, we hold that the trial judge properly admitted the Argentine death decree into evidence; that neither the Argentine decree nor the Florida probate decree had any collateral estoppel effect in this action; and that neither of these decrees constituted prima facie evidence in this suit. Finally, the trial judge made no

**19.** *In re Kelley's Estate,* 19 N.Y.S.2d 837, 174 Misc. 53 (N.Y.Sur.Ct.1940). *See Becher v. Contoure Laboratories, Inc.,* 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752 (1929); *cf. Mutual Life Ins. Co. v. Bell,* 147 Fla. 734, 3 So.2d 487 (1941) (precluding use of a verdict from an inquest in an action on a life insurance contract).

**20.** *Becher,* 279 U.S. at 391, 49 S.Ct. at 357.

**21.** FLA.STAT.ANN. § 92.07 (West 1984).

**22.** *Johns v. Burns,* 67 So.2d 765, 767 (Fla.1953).

**23.** *Id.*

**24.** *See generally Parker v. Parker,* 155 Fla. 635, 21 So.2d 141, 142 (1945) (discussing the standard for recognizing the judgment of a foreign country); *Hilton,* 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95.

clear error in finding that the Brancas had not proved by a preponderance of the evidence that Fernando Arturo Branca had died before the insurance policies lapsed for nonpayment of premiums.[25]

## C. *Motion for New Trial*

The Brancas contend that the trial judge should have granted them a new trial under FED.R.CIV.P. 60(b)(6). The rule states in relevant part:

> (b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. * * *

In order to grant relief under 60(b)(6), a case must be extraordinary.[26] Although this case is extraordinary in some sense, it is not extraordinary under 60(b)(6). The Brancas seem to argue that new evidence is available that would warrant a new trial, but such a motion is authorized under FED.R.CIV.P. 60(b)(2). In this circuit, mo-

tions under 60(b)(6) may not be supported by the same reasons that might support a motion under 60(b)(2).[27]

■ We treat the motion as if made under 60(b)(2). The Brancas state that an Argentine investigation of Fernando's disappearance resulted in the arrest of the leader of the military junta in power when Fernando disappeared. They wish to issue letters rogatory to this leader under FED. R.CIV.P. 28(b)(3). The Brancas, however, give no reason why they did not issue letters rogatory to this official before trial. We were not told why issuance of letters rogatory would have been fruitless, but the fruitlessness of doing so is assumed in the argument. In short, the Brancas have not proved due diligence in discovering this evidence. Therefore, the trial court properly denied relief under 60(b)(2). Other than this allegedly new evidence, we discern no other reason for relief from judgment except, perhaps, the reason that might arise from the following section of this opinion. The trial court made no error by denying the motion for new trial under 60(b)(6).

## D. *Sanctions*

The Brancas ask this court to find error in the district judge's failure to rule on the Brancas' motion for sanctions against Security based on Security's failure to obey a motion to compel discovery. We agree that some ruling should have been made, and remand.

The background relevant to this issue is as follows: On February 25, 1983, the Brancas deposed Security's employee in Topeka, Kansas. Security's attorney objected to some of the Brancas' questions, and instructed the employee not to answer. The Brancas moved to compel discovery under FED.R.CIV.P. 37(a)(1)[28] in the United States District Court for the District of

---

25. *See generally Johns v. Burns,* 67 So.2d 765, 766 (discussing the burden of proving date of death after the common law presumption of death has risen).

26. *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Gray v. Estelle,* 574 F.2d 209 (5th Cir.1978).

27. *Transit Casualty Co. v. Security Trust Co.,* 441 F.2d 788, 792 (5th Cir.), *cert. denied,* 404 U.S. 883, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971).

28. See text accompanying note 29 for the provisions of FED.R.CIV.P. 37(a)(1).

Kansas. Security refused to obey the order compelling discovery, and appealed the order to the Court of Appeals for the Tenth Circuit.

Security argues that the district court in Florida had no jurisdiction to grant sanctions against Security, and cites the rules of civil procedure in support of this proposition as follows: [29]

(a) Motion for Order Compelling Discovery. A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

(1) *Appropriate Court.* An application for an order to a party may be made to the court in which the action is pending, or, on matters relating to a deposition, to the court in the district where the deposition is being taken. An application for an order to a deponent who is not a party shall be made to the court in the district where the deposition is being taken.

\* \* \* \* \* \*

(b) Failure to Comply with Order.

(1) *Sanctions by Court in District Where Deposition is Taken.* If a deponent fails to be sworn or to answer a question after being directed to do so by the court in the district in which the deposition is being taken, the failure may be considered a contempt of that court.

Security does not cite or allude to the rest of the rule which specifically outlines the procedure used to request sanctions for failure to comply with orders compelling discovery in the court in which the action is pending. This part of the rule provides: [30]

(2) *Sanctions by Court in Which Action is Pending.* If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or

Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following[.]

Security's failure to comply with the order of the Kansas district court compelling discovery is clearly covered by this provision, but Security ignores this portion of the rule. Security's argument to the contrary seems not merely patently frivolous, but affirmatively misleading. Security's contention that the Court of Appeals for the Tenth Circuit had jurisdiction over an appeal of the Kansas court's order is also patently frivolous, as we will explain. An order compelling discovery is interlocutory, and not an appealable final order.[31] Security advances no reason to render this interlocutory order appealable (*e.g.*, certification). In the context of discovery, it is quite clear that one who is compelled to provide discovery may respond in one of two ways.[32] The party compelled to provide discovery may either answer the questions the court requires or be subject to sanctions. An order holding the party in contempt is an appealable final order. Sanctions may result in an adverse judgment, which judgment is final and appealable. Here, however, there was no final, appealable order. Security's "clever" litigation tactics seem to have avoided any ruling on the merits of the discovery issue. Security's specious jurisdictional argument convinced the trial judge not to rule on the issue of sanctions. This failure to rule was the only error in an otherwise well-reasoned opinion. We remand for findings of fact and conclusions of law on whether Security abused the discovery procedures. We note that the trial judge may grant any form of relief to the Brancas outlined in FED.R.CIV.P. 37(b)(2), even if such relief includes relief from the final judgment on appeal here, as the facts warrant. We do not purport to find the facts that underlie

---

29. FED.R.CIV.P. 37(a)(1) and (b)(1).

30. FED.R.CIV.P. 37(b)(2).

31. *Rouse Constr. Int'l, Inc. v. Rouse Constr. Corp.,* 680 F.2d 743, 745 (11th Cir.1982).

32. *Branch v. Phillips Petroleum Co.,* 638 F.2d 873, 877 (5th Cir.1981).

this issue, nor do we attempt to prescribe how the district court should exercise its discretion. It may be that Security is innocent of the claimed abuse of discovery. We cannot so determine without the district court's findings on the issue. We remand.

### Conclusion

We agree with the trial judge that the Argentine judicial presumption of death is admissible. However, the Argentine decree is not prima facie evidence of the date of the insured's death, nor is the Florida probate decree. As such, the trial judge's finding that the Brancas did not carry their burden of proof is not clearly erroneous. Also, the Brancas raise no circumstances justifying a new trial under Rule 60(b). On these issues, we affirm. The trial judge, however, erred by not ruling on the Brancas' request for sanctions against Security for Security's failure to comply with an order compelling discovery. We remand so the trial judge may make factual findings and legal conclusions on this issue.

AFFIRMED in part and REMANDED.