620 So.2d 246 (1993)
Hector Eduardo Reglero MONTANER, etc., et al., Appellants,
v.
BIG SHOW PRODUCTIONS, S.A., etc., et al., Appellees.
No. 93-1242.
District Court of Appeal of Florida, Third District.
June 22, 1993.
*247 Steel Hector & Davis and Brian J. Stack and Reinaldo del Castillo, Miami, for appellants.
Zack Hanzman Ponce Tucker Korge & Gillespie and Steven N. Zack, Miami, for appellees.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
JORGENSON, Judge.
Hector Eduardo Reglero Montaner, p/k/a Ricardo Montaner, and Carlos Mameri appeal from an order entering a temporary injunction precluding Montaner and Mameri from appearing or performing in any musical activity and from interfering with Big Show Productions' and Love Records' managing and recording rights. For the following reason, we reverse with directions to dissolve the temporary injunction immediately.[1]
Ricardo Montaner is a Venezuelan singer and recording artist. Carlos Mameri is his personal manager. In 1986 Montaner entered into a managing contract with Big Show Productions and into a recording contract with Love Records. Both corporations were organized under Venezuelan law. In early 1992, Big Show and Love Records commenced an ex parte action in a Venezuelan court seeking to enjoin Montaner from engaging in activities in breach of the management and the recording contracts. On April 1, 1992, a Venezuelan court entered an order enjoining Montaner from breaching the contracts. Such orders are known in Venezuela as "Amparo." Big Show and Love Records allege that Montaner was summoned by a notice published in a Venezuelan newspaper on June 2, 1992. Pursuant to Venezuelan procedural law, the "Amparo" was automatically reviewed by a superior court, and the superior court affirmed the "Amparo."
Montaner alleges he did not learn about the "Amparo" until early March of 1993. On April 29, 1993 Montaner filed a complaint in Venezuela against Big Show and Love Records seeking damages and a declaration of rights under the contracts. The action is pending in a Venezuelan court. The next day Big Show, Love Records, and Rodven, Inc., a Florida corporation acting as the exclusive licensee of Big Show and Love Records, filed a complaint in Dade County seeking (1) domestication and enforcement of the "Amparo"; (2) injunctive relief; (3) and damages for tortious interference with a business relationship. Big Show, Love Records, and Rodven filed an ex parte motion for temporary injunction seeking to enjoin Montaner and Mameri from engaging in activities related to Montaner's singing career. The court entered the temporary injunction. The trial court then denied Montaner's and Mameri's Emergency Motion to Dissolve Temporary Injunction.
*248 The temporary injunction compels Montaner to perform his management and recording contracts. Contracts for employment or personal services should not be enforced by injunction or specific performance. Seaescape, Ltd. v. Maximum Marketing Exposure, 568 So.2d 952, 954 (Fla. 3d DCA 1990); Shearson Lehman Hutton, Inc. v. Meyer, 561 So.2d 1331, 1332 (Fla. 5th DCA 1990); Mosely v. De Moya, 497 So.2d 696, 697-98 (Fla. 3d DCA 1986). The appropriate remedy is an action for damages for breach of contract. Id. An injunction to prevent the breach of a personal service contract is not available. Robinson v. Sax, 115 So.2d 438, 440 (Fla. 3d DCA 1959) ("[I]f the subject matter of the proceeding is a personal service contract, no equitable remedy is available, either specific performance or injunction against threatened breach."). The temporary injunction against Montaner and Mameri should not have been granted.
Moreover, a foreign judgment will not be recognized and enforced by a Florida court unless jurisdictional and due process standards required by Florida law are observed in the foreign proceeding. Ogden v. Ogden, 159 Fla. 604, 33 So.2d 870 (1947); Parker v. Parker, 155 Fla. 635, 21 So.2d 141 (Fla.), cert. denied, 326 U.S. 718, 66 S.Ct. 23, 90 L.Ed. 425 (1945); Jackson v. Stelco Employees' Credit Union Ltd., 203 So.2d 669 (Fla. 4th DCA 1967). In Parker, the supreme court refused to recognize a divorce decree issued in Cuba because the wife's due process rights were violated by the Cuban court. Parker, 155 Fla. at 637, 21 So.2d at 142. The husband falsely alleged in the Cuban court that he did not know the wife's domicile and then served her by publication. The wife received no notice of the divorce proceedings. The supreme court held that "the judgment of a foreign country ... [should] not be recognized unless [an] opportunity ... [is] given for a fair trial after service or voluntary appearance of the defendant." Id.
Montaner received inadequate notice of the action against him. Not only was the alleged notice given two months after the "Amparo," but the notice was by publication which was not sufficient under Florida's due process rights. See Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225, 1227 (Fla. 1986). We reverse the order with directions to dissolve the injunction immediately.[2]
Reversed with directions to dissolve the injunction immediately.
NOTES
[1] No motion for rehearing will be entertained, and the mandate will issue forthwith.
[2] Because we hold that the "Amparo" was obtained in violation of Florida's due process standards, we need not address the other issues raised by Montaner. Even if the "Amparo" had been procured without violating Montaner's due process rights, Florida courts could not recognize and enforce it because the "Amparo" would violate Florida's public policy regarding enforcing personal service contracts through injunctions. Jaffe v. Snow, 610 So.2d 482 (Fla. 5th DCA 1992).