901 So.2d 892 (2005)
The CREDIT COUNSELING FOUNDATION, INC., Appellant,
v.
Joseph Andrew HYLKEMA, Appellee.
No. 4D03-2542.
District Court of Appeal of Florida, Fourth District.
April 6, 2005.
Rehearing Denied May 24, 2005.
*893 Michael L. Feinstein of Michael L. Feinstein, P.A., Fort Lauderdale, for appellant.
Gary J. Olsen of Olsen & Olsen, LLP., Fort Lauderdale, for appellee.
FARMER, C.J.
Hylkema sued the corporation bringing this appeal in a Washington state court and obtained a default judgment. After he registered his Washington judgment in Broward County, Florida, Credit Counseling filed a petition contesting the jurisdiction of the Washington court over it, arguing that it could not be sued in Washington. Without considering the merits of the contest to personal jurisdiction raised by Credit Counseling, the Circuit Court dismissed the contest upon a holding that the default judgment bars Credit Counseling from contesting personal jurisdiction in response to the registration of the foreign judgment here. We reverse.
In Wellington v. Department of Revenue, 708 So.2d 1040 (Fla. 4th DCA 1998), we said regarding this identical issue:
"The foreign court's statement regarding personal service is not determinative where, as here, the Iowa judgment was entered against appellant by default. He did not appear, answer or contest jurisdiction. He is, therefore, entitled to now raise the issue of whether the Iowa court had personal jurisdiction over him." [c.o.]
Id.; see also § 55.509(1), Fla. Stat. (2004) ("If, within 30 days after the date the foreign judgment is recorded, the judgment debtor files an action contesting the jurisdiction of the court which entered the foreign judgment ... and records a lis pendens directed toward the foreign judgment, the court shall stay enforcement of the foreign judgment and the judgment lien upon the filing of the action by the judgment debtor."). The trial judge erred in failing to determine the merits of Credit Counseling's challenge to the jurisdiction of the Washington state court. We return the case to the circuit court for that determination.
Reversed.
GROSS and MAY, JJ., concur.