SHEPHERD, J.
(concurring).
I agree with the court’s conclusion that the New York judgment is enforceable in Florida. I submit, however, that despite language used by the parties in their briefs and during oral argument to suggest that this is a case about personal jurisdiction, the real issue raised is sufficiency of service of process. As the court’s opinion notes, the New York court conducted numerous proceedings on this issue, which fully comported with New York law, see section 308(5) New York Civil Practice Law and Rules (McKinney 1991), and expressly found that the Jays were properly served. Neither the Full Faith and Credit Clause nor our precedent permits us to revisit that decision. Underwriters Nat. Assur. Co. v. North Carolina Life and Acc. and Health Ins. Guaranty Ass’n, 455 U.S. 691, 706, 102 S.Ct. 1357, 71 L.Ed.2d 558 *640 (1982)(holding that the principle of res ju-dicata applies not only to jurisdiction but “to other issues”); Haas v. Haas, 59 So.2d 640, 643 (Fla.1952)(upholding enforceability of New York judgment against a due process challenge even though respondent did not receive prior notice); Archbold Health Servs. v. Future Tech Bus. Sys., Inc., 659 So.2d 1204, 1206 (Fla. 3d DCA 1995)(declining to allow defendant to defend against enforceability of Georgia judgment by contesting subject matter jurisdiction in Florida where issue was actually litigated in Georgia “even though the [Georgia] ruling may have been erroneous on the facts or the law”).
I write only to note my disagreement with the statement in the court’s opinion that “a Florida court [may] not [] determine the validity of a judgment or decree of a sister state or foreign country unless something appears on the face of the record.” Although possessed of a seductive legal ring, it is far from clear to me what constitutes the “face” of a record. Nevertheless, I think it noteworthy that our case law is replete with examples of eases where an independent inquiry has been made by a Florida court concerning the validity of a judgment, where we have looked beyond the record created by the initial judgment-rendering court. See, e.g., Whipple v. JSZ Fin. Co., 885 So.2d 933 (Fla. 4th DCA 2004)(reversing enforcement proceedings in Florida on Texas default judgment upon production of evidence in Florida court demonstrating insufficiency of service of process under Texas law); Hesser v. Flick, 737 So.2d 610 (Fla. 3d DCA 1999)(reversing judgment rendered against defendants in breach of contract action for consideration of preclu-sive effect of prior Alabama judgment after “the court[ ] determine[es] whether the [prior] Alabama final judgment was validly entered under Alabama law, if that issue has not already been determined in the Alabama court”); Montaner v. Big Show Prod., S.A., 620 So.2d 246 (Fla. 3d DCA 1993)(reversing a temporary injunction entered by Florida court on the strength of prior judgment in Venezuela when evidence produced to Florida court demonstrated both that method of notice and actual notice given by Venezuela court was insufficient under Florida due process standards). Indeed, our statutory law expressly contemplates actions by judgment debtors “contesting the jurisdiction of the [initial judgment rendering] court or the validity of the foreign judgment”. See Florida Enforcement of Foreign Judgments Act, §§ 55.501-55.509, Fla. Stat. (2004); Credit Counseling Found., Inc. v. Hylkema, 901 So.2d 892 (Fla. 4th DCA 2005).
With this caveat, I concur in the opinion of the court.