WARNER, J.
The Credit Counseling Foundation, a Florida Corporation, appeals a judgment domesticating a Washington state judgment against it for violation of Washing *1060 ton’s Commercial Electronic Mail Act and the Washington Consumer Protection Act. It claims that the Washington judgment should not be given full faith and credit, because the court did not have personal jurisdiction over it. The trial court disagreed, and on the evidence presented that Credit Counseling sent unsolicited e-mails to the appellee in Washington, we conclude that Washington had personal jurisdiction. We therefore affirm.
Joseph Hylkema, a Washington state resident, filed a complaint against Credit Counseling in a Washington district court, alleging, inter alia, that Credit Counseling violated Washington’s Commercial Electronic Mail Act and the Washington Consumer Protection Act (chapters 19.190 and 19.86 of the Washington Revised Code, respectively) by sending Hylkema nine unsolicited e-mails. Credit Counseling was served in Florida and never made an appearance in the case. The Washington court entered a default judgment against Credit Counseling.
Hylkema filed an affidavit in Broward County to register his foreign judgment. See § 55.505(1), Fla. Stat. Credit Counseling filed a petition contesting Washington’s personal jurisdiction over it. Without considering the merits of Credit Counseling’s petition, the trial court dismissed the petition and domesticated the foreign judgment based upon the statement of jurisdiction in the default judgment. On appeal to this court, we reversed, finding that the issue of personal jurisdiction can be raised in the proceedings. Credit Counseling Found., Inc. v. Hylkema, 901 So.2d 892, 893 (Fla. 4th DCA 2005).
On remand, the trial court held an evi-dentiary hearing to determine whether the Washington court had personal jurisdiction when it entered a judgment against Credit Counseling. The evidence showed that the nine spam e-mails Hylkema received had a phony return path so that the receiver could not tell who sent them. A marketing director for Credit Counseling testified that the corporation never sent spam email. When Hylkema called the company to complain about the spam, the director investigated and concluded that Hylkema did not receive the e-mails from Credit Counseling.
On the other hand, Hylkema testified that each of the e-mails he received contained a link which invited free consultations. When the link was clicked, a form appeared. Hylkema filled out the form and within hours of submitting it received another e-mail from an employee of Credit Counseling. The e-mail contained the corporation’s name, logo, address, phone number, and other identifying information. He also received e-mails and telephone calls from other Credit Counseling employees. The e-mails started “recently, you requested information.”
The court concluded that “the circumstantial evidence demonstrates to me that Credit Counseling either acquiesced, ratified or conspired with the actual sender of the spam to send it, and they knew what was going on and they condoned it. They ratified it. They were part of it.” The court found that Credit Counseling had some relationship with the actual spammer, as Hylkema received the e-mails from Credit Counseling so soon after submitting the form. The court stated that it believed Hylkema’s testimony that he did not request information from Credit Counseling, so that the e-mails were unsolicited. Thus, the court found sufficient facts to establish personal jurisdiction over Credit Counseling. The corporation appeals that finding.
Credit Counseling argues that the Washington court lacked personal jurisdiction over it, and the judgment cannot be *1061 given full faith and credit or be enforced in Florida. Credit Counseling claims that the trial court misapplied Washington law and improperly placed the burden on it to prove that Washington did not have jurisdiction over the corporation.
Much of Credit Counseling’s argument focuses on the allocation of the burden of proof and its claim that the trial court erroneously placed the burden of proof on Credit Counseling. While it makes an interesting argument about which party has the burden of proof in proceedings attacking a foreign judgment on jurisdictional grounds, in this case it failed to object at trial to the court’s allocation of the burden of proof. In fact, it willingly acquiesced to the court’s statement that it had the burden of proof. Its attorney did not object and, as the plaintiff in the proceeding contesting the enforcement of the judgment, it put on its proof first and made the initial closing argument. In his close, Hylkema’s attorney argued at length that Credit Counseling had the burden of proof on the issue of lack of jurisdiction, which it did not meet. Credit Counseling did not take issue with Hylkema’s burden of proof argument in its rebuttal. Thus, this is an issue raised for the first time on appeal. As such, it is not preserved.
Nevertheless, in addition to finding that Credit Counseling had not met its burden of proof, the trial court also determined, based upon the evidence presented, that Credit Counseling either transmitted or conspired with another to transmit the nine unsolicited commercial e-mail messages to Hylkema in Washington. This finding is sufficient to establish personal jurisdiction over Credit Counseling in Washington. See, e.g., State v. Reader’s Digest Ass’n, 81 Wash.2d 259, 501 P.2d 290 (1972) (performance of unfair trade practice in state by a foreign corporation which has no offices, employees or property within state is sufficient contact to establish jurisdiction).
It is not the function of an appellate court to reevaluate the evidence and substitute its judgment for that of the finder of fact. Helman v. Seaboard Coast Line R.R., 349 So.2d 1187, 1189 (Fla.1977). A trial court’s findings of fact are presumed correct and will not be disturbed on appeal absent a showing that such findings are clearly erroneous or totally without evidentiary support. Avery Dev. Corp. v. Village by the Sea Condo. Apts., Inc., 567 So.2d 447, 449 (Fla. 4th DCA 1990). The findings of the trial court were based upon circumstantial evidence, but the evidence was competent and substantial to support the findings made.
For these reasons, we affirm the final judgment.
GROSS and TAYLOR, JJ„ concur.