# Third District Court of Appeal

## State of Florida

Opinion filed May 31, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1951
Lower Tribunal No. 11-41471
_____


**Michael Fernando Sierra Miranda,**
Appellant,

vs.

**Pacheco Entertainment Production Enterprises, Inc., etc.,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

The Hachar Law Firm, P.A., and Cody Pellicer and Pierre Hachar, Jr.; Acosta & Diaz, LLC, and Madeline M. Acosta and Christina K. Diaz, for appellant.

Richard J. Diaz, P.A., and Richard J. Diaz, for appellee.


Before LOGUE, SCALES and LUCK, JJ.

SCALES, J.

The defendant below, Michael Fernando Sierra Miranda, appeals the trial court's post-judgment order denying Miranda's motion to dissolve a permanent injunction. We affirm because, under the unique procedural facts of this case, the trial court did not abuse its discretion by refusing to dissolve the injunction.

### *Facts*

The facts are not in dispute. In October 2011, Miranda, a Cuban national performing artist, entered into an agreement with appellee, plaintiff below, Pacheco Entertainment Production Enterprises, Inc. ("Pacheco"). Pursuant to the agreement, Miranda agreed to engage in no "performance activity" without the prior written consent of Pacheco. In return, Pacheco was obligated to pay Miranda for Miranda's "performance activity," to arrange his "performance activity" and to distribute Miranda's recordings. The agreement defined "performance activity" as follows:

> For purposes of this Agreement, the phrase "Performance Activity" shall include, without limitation, any use of Artist's talents and activities throughout the entertainment industry, including but not limited to live performance(s), the production of phonograph records, performances contained on phonograph records and mechanical or electrical transcriptions, record sales, musical composition and publishing, television, motion pictures, internet, radio, stage, concerts, tours, nightclubs, hotels and personal appearances of all kinds, merchandising and commercial endorsements, product tie-ins of all types, and from the sale, lease, license or other disposition of visual, literary, audio-visual, dramatic and/or musical material or productions for use in any medium of communication or entertainment, whether now known or hereafter invented, and from any and all allied, kindred or other fields of entertainment or endeavor (including, but not limited

2

to, cable television, pay-per-view television, internet, downloads, audio-visual devices, etc.) in which Artist may be or become professionally engaged.

In early December 2011, Pacheco learned that Miranda was going to be performing live at a Miami club at a Christmas Eve event not coordinated by Pacheco. Unable to resolve the matter with Miranda's representative, Pacheco filed a verified complaint against Miranda in the Miami-Dade circuit court seeking both temporary and permanent injunctive relief (in Count I) and damages for breach of contract (in Count II).[1] Pacheco also filed an emergency motion to enjoin Miranda from performing at the local club.

At a December 19th hearing, the trial court entered a temporary injunction against Miranda. The trial court's injunction enjoined Miranda from performing at any entertainment event—including the Christmas Eve event—without either the express written consent of Pacheco or further order of the court. Miranda did not seek rehearing or appeal the trial court's December 19th temporary injunction order.

In January 2012, Miranda filed a motion seeking to dismiss Pacheco's verified complaint. Miranda's dismissal motion asserted that the action should be

---

[1] Pacheco's verified complaint also contained a claim alleging that those hiring Miranda intentionally interfered with Pacheco's business relationship with Miranda. It appears that Pacheco never effected service of process on those defendants. In any event, those claims and those defendants are not involved in this appeal.

3

dismissed for lack of personal jurisdiction; the motion also argued that Pacheco had failed to join an indispensable party. The trial court denied the motion.

Very little took place in the case until almost three years later when, in March 2015, Pacheco filed a motion in the trial court seeking to compel Miranda to answer its complaint. The trial court entered an order in April 2015, directing Miranda to answer the complaint within twenty days. The trial court's order warned that if Miranda failed to timely answer the complaint Pacheco would be entitled to an automatic default final judgment without the need of further court hearing.

Miranda did not file an answer, and, in May 2015, the trial court entered an order which it characterized as a default final judgment as to Pacheco's injunction count ("May 2015 Injunction"). Specifically, the May 2015 Injunction enjoined Miranda from, among other things, "public appearances and performances of any type . . . without [Pacheco's] prior written consent, all of which is in accordance with the written contract . . . ."[2,3]

---

[2] Paragraph 2 of the May 2015 Injunction reads, in its entirety, as follows:

> [P]ursuant to Count I of the complaint, the Defendant Michael Fernando Sierra [Miranda] is enjoined from public appearances and performances of any type, shall not appear on or in or participate in any way in connection with studio recordings, radio, internet or wireless services, website application or platform, print media, live performance or personal appearance, commercials or other endorsements, merchandising, or any other media platform or application or services now knowns [sic] or hereafter devised, or

Miranda did not seek rehearing or appeal the May 2015 Injunction. Rather, five months after its entry, Miranda filed a motion pursuant to Florida Rule of Civil Procedure 1.540, requesting the court to vacate the May 2015 Injunction. Miranda's Rule 1.540 motion asserted that the May 2015 Injunction was void because: (i) it was entered without notice; and (ii) the parties' underlying agreement purportedly violated federal law, which generally prohibits contracts with foreign nationals for the transfer of property. See 31 C.F.R. § 515.201(b).

The court denied Miranda's Rule 1.540 motion. While Miranda appealed the trial court's denial of his Rule 1.540 motion, he voluntarily dismissed that appeal within a week of filing the notice of appeal.

In March 2016, Pacheco filed a motion requesting the trial court to find Miranda in contempt of the May 2015 Injunction. Miranda filed a response in May 2016, and also moved to dissolve the May 2015 Injunction. In his May 2016 response, Miranda, *for the first time*, asserted that the May 2015 Injunction was unauthorized because it purported to enforce, via injunction, a personal services

perform any performance activity without Plaintiff's prior written consent, all of which is in accordance with the written contract between Plaintiff and Defendant and which is attached as an Exhibit to the Verified Complaint.

[3] Notwithstanding the trial court characterizing the May 2015 Injunction as a "default final judgment," it is probably more accurately characterized as a partial final judgment because it reserved jurisdiction to adjudicate Pacheco's related breach of contract claim against Miranda.

contract in contravention of <u>Montaner v. Big Show Productions, S.A.</u>, 620 So. 2d 246 (Fla. 3d DCA 1993).

In July 2016, the trial court held a hearing on the parties' motions. Prior to the hearing, on June 6, 2016, Pacheco voluntarily dismissed its breach of contract claim (count II of its Verified Complaint) against Miranda, pursuant to Florida Rule of Civil Procedure 1.420(a)(1).[4] In August 2016, the trial court entered an order granting Pacheco's motion for contempt finding that Miranda had willfully violated the May 2015 Injunction, and that Miranda owed Pacheco damages in an amount equal to what Pacheco would have been paid had Miranda honored the terms of his written contract. At the July 2016 hearing, the trial court made no comments regarding whether the May 2015 Injunction violated the dictates of <u>Montaner</u>, and, via separate order, the trial court summarily denied Miranda's motion to dissolve the May 2015 Injunction. Miranda appeals only the trial court's denial of his motion to dissolve the May 2015 Injunction.

## *Analysis*

[4] Arguably, Pacheco's June 2016 voluntary dismissal of its breach of contract claim—its only unadjudicated claim still pending against Miranda—"converted" the trial court's May 2015 Injunction into a final judgment. Indeed, following Pacheco's voluntary dismissal of the breach of contract claim, the trial court's only remaining judicial labor in this case as to Miranda related solely to matters involving enforcement of the injunction. Thus, as discussed more fully below, Pacheco's June 2016 voluntary dismissal probably provided Miranda with yet another opportunity to appeal the May 2015 Injunction—this time as a final judgment.

6

We review the trial court's denial of Miranda's motion to dissolve the May 2015 Injunction for abuse of discretion. See Simonik v. Patterson, 752 So. 2d 692, 692-93 (Fla. 3d DCA 2000) ("The trial court has broad discretion in granting, denying, dissolving, or modifying injunctions, and, unless a clear abuse of discretion is demonstrated, appellate courts will not disturb the trial court's decision."). The unique issue before this Court is whether a trial court abuses its discretion in failing to dissolve a permanent injunction manifested in a final judgment upon a showing that the entry of the injunction was the result of clear legal error, notwithstanding that no change in circumstances occurred since the entry of the permanent injunction.[5]

We begin our analysis by noting that the trial court's May 2015 Injunction—prohibiting Miranda from engaging in any performance activities absent the prior written consent of Pacheco—may very well be the result of legal error. See Montaner, 620 So. 2d at 248. The May 2015 Injunction specifically states that it is entered in accordance with the parties' written personal services contract. Injunctive relief is not available to enjoin a breach of a personal services contract; a party aggrieved by a breach of such a contract is limited to recovery of damages.

---

[5] At oral argument, Miranda's counsel suggested that Miranda's retaining a lawyer familiar with this Court's Montaner opinion constituted a sufficient change in circumstances to warrant review of the trial court's final injunction order. Without further elaboration, we disagree.

7

Id. Yet, Miranda did not raise this issue until a year after the May 2015 Injunction was entered.

In this case, we are not reviewing any legal error associated with the *entry* of the trial court's May 2015 Injunction. Nor are we reviewing an interlocutory trial court order relating to a temporary injunction entered simply to maintain the status quo. Rather, we are reviewing the trial court's consideration and denial of Miranda's post-judgment motion seeking to dissolve a permanent injunction manifested in a final judgment. Thus, the unique procedural posture of this case requires us to weigh two compelling, yet competing, judicial axioms: finality in litigation versus correction of legal error.

We are mindful that the Florida Supreme Court has recently made clear that, irrespective of changed circumstances, a trial court abuses its discretion by not dissolving a *temporary* injunction where a party can demonstrate that the *temporary* injunction was entered as a result of "clear legal error or misapprehension of facts on the part of the trial court." Planned Parenthood of Greater Orlando, Inc. v. MMB Props., 211 So. 3d 918, 925-26 (Fla. 2017). Nothing in the MMB Properties opinion, however, can be read to extend its rationale to permanent injunctions, such as the instant one, manifested in a final judgment.

8

Similarly, while it is well settled that a trial court necessarily retains jurisdiction to modify a permanent injunction when changed circumstances make it equitable to do so, see Hale v. Miracle Enters., 517 So. 2d 102, 103 (Fla 3d DCA 1987), it is equally well settled that the trial court exercises such jurisdiction only if the party seeking to dissolve the injunction establishes a change in circumstances. Elias v. Steele, 940 So. 2d 495, 497 (Fla. 3d DCA 2006) ("An individual seeking to modify or dissolve an injunction must establish that the circumstances justifying the injunction have changed so that the terms of the injunction are no longer equitable."); see also Reyes v. Reyes, 104 So. 3d 1206, 1207 (Fla. 5th DCA 2012) (holding that a party seeking to dissolve a domestic violence injunction must allege a change in circumstances, not merely challenge the original issuance of the injunction); Simonik, 752 So. 2d at 693 (concluding the trial court did not abuse its discretion in refusing to vacate a permanent injunction absent a change in circumstances).

Miranda has provided us no authority for the proposition that a trial court continues to exercise jurisdiction to modify or vacate a permanent injunction, simply because of legal error, without any change in circumstances.

We note that Miranda could have challenged the merits of the December 2014 temporary injunction either by requesting a rehearing within fifteen days of its entry,[6] or by appealing that temporary injunction as a non-final order within

9

thirty days of its rendition.[7]  Similarly, Miranda could have challenged the May 2015 Injunction by seeking rehearing, by appealing it as a non-final order, or by appealing it within thirty day days of Pacheco's voluntary dismissal of its breach of contract claim, i.e., when the May 2015 Injunction became a final judgment.[8]

At the July 2016 hearing, the trial court lacked jurisdiction to entertain Miranda's contention that the May 2015 Injunction is "simply wrong as a matter of law on the merits"; that challenge should have been raised under a timely Rule 1.530 motion or on plenary appeal.  Balmoral Condo. Ass'n v. Grimaldi, 107 So. 3d 1150, 1152 (Fla. 3d DCA 2013); see also Curbelo v. Ullman, 571 So. 2d 443, 444 (Fla. 1990).

The rules prescribing the procedural mechanisms for challenging judicial orders, judgments and decrees promote finality in litigation.  See Balmoral, 107 So. 3d at 1151 ("The importance of finality in any justice system . . . cannot be understated.  It has long been recognized that, for several reasons, litigation must, at some point, come to an end." (quoting Witt v. State, 387 So. 2d 922, 925 (Fla. 1980))).  Notwithstanding the merits of Miranda's most recent challenge to the May 2015 Injunction, we cannot cast aside Florida's requirements of judicial finality, nor expand the limited nature of the trial court's post-judgment

---

[6] See Fla. R. Civ. P. 1.530(b)
[7] See Fla. R. App. P. 9.130(a)(3)(B)
[8] See Fla. R. App. P. 9.130(h) and footnote four, supra.

10

jurisdiction.  See Bank One, Nat'l Ass'n v. Batronie, 884 So. 2d 346, 348 (Fla. 2d DCA 2004) ("After rendition of a final judgment, the trial court loses jurisdiction over the case except to enforce the judgment and except as provided by rule 1.540."); Francisco v. Victoria Marine Shipping, Inc., 486 So. 2d 1386, 1388-89 (Fla. 3d DCA 1986) ("The trial court's authority to modify, amend, or vacate an order or final judgment after rendition of the final judgment is limited to the time and manner provided by rule or statute.") (footnote omitted).

## *Conclusion*

Therefore, under the unique facts of this case, we are compelled to affirm the trial court's denial of Miranda's motion seeking to dissolve the May 2015 Injunction.

Affirmed.