IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MJR MINTON, LLC AND CRE FUND, LLC,

      Appellants,

v.                                Case No.  5D17-1832

LONG DOGGERS EATERIES, INC.,

      Appellee.

_____/

Opinion filed August 10, 2018

Appeal from the Circuit Court
for Brevard County,
Tonya B. Rainwater, Judge.

Katherine E. Giddings and Diane G.
DeWolf, of Ackerman LLP,
Tallahassee, for Appellants.

David A. Monaco, John N. Bogdanoff and
Christopher V. Carlyle, of The Carlyle
Appellate Law Firm, The Villages, and
Allan P. Whitehead, Gary B. Frese and
Erika McBryde, of Frese, Whitehead,
Anderson, Anderson & Heuston, P.A.,
Melbourne, for Appellee.

PER CURIAM.

      We affirm the Amended Final Judgment without prejudice to the parties seeking

modification of the previously-issued permanent injunction in light of the potential for

changed circumstances resulting from the final judgment. <u>See</u> <u>Jackson Grain Co. v. Lee</u>, 7 So. 2d 143, 146 (Fla. 1942) ("Where the grounds and reasons for which the injunction was granted no longer exist, by reason of changed conditions, it may be necessary to alter the decree to adapt it to such changed conditions, or to set it aside altogether, as where there is a change in the controlling facts on which the injunction rests, or where the applicable law, common or statutory, has in the meantime been changed, modified, or extended. Such change in the law does not deprive the complainant of any vested right in the injunction because no such vested right exists."); <u>Miranda v. Pacheco Entm't Prod. Enter.</u>, 220 So. 3d 523, 527 (Fla. 3d DCA 2017) ("[A] trial court necessarily retains jurisdiction to modify a permanent injunction when changed circumstances make it equitable to do so." (citing <u>Hale v. Miracle Enter.</u>, 517 So. 2d 102, 103 (Fla. 3d DCA 1987))).

AFFIRMED.

PALMER, ORFINGER, JJ., and MUNYON, L., Associate Judge, concur.