PER CURIAM.
Appellee, as the party moving for a summary judgment in the trial court, did not demonstrate conclusively that there were no disputed issues of fact or law; therefore, summary judgment was inappropriate. Holl v. Talcott, 191 So.2d 40 (Fla.1966).
We disagree with appellee that the facts presented in this case, between father and *261 son, are the same as the facts considered by the trial court in Golden v. Golden, 434 So.2d 978 (Fla. 3d DCA 1983), review denied, 449 So.2d 264 (Fla.1984), an earlier action between the same father and his daughter. Specifically, there was no contention in the first Golden case, as here, that monies deposited in an account pursuant to the Florida Gift to Minors Act had been expended for the child’s education, maintenance and rehabilitation.[1]
The establishment of an account in a child’s name pursuant to the Uniform Transfers to Minors Act, section 710.-01-.10, Florida Statutes (1985) (formerly known as the Gift to Minors Act), creates a rebuttable presumption of donative intent. An allegation and showing that the funds were expended for the named child’s education, maintenance or rehabilitation may rebut the presumption. Appellee offered no proof tending to show conclusively that the funds had not already been expended for the child’s benefit.
Reversed and remanded for further proceedings.

. The father states in a pro se "Answer to Motion for Summary Judgment” that he has spent the money in question "on the four or five different drug rehabilitation programs to which James went over that period, as well as on his two attempts to go to Miami Dade Junior College as well as on other living expenses.”