613 So.2d 137 (1993)
Marilyn NICHOLS, Appellant,
v.
Jeffrey NICHOLS, Appellee.
No. 92-0563.
District Court of Appeal of Florida, Fourth District.
February 3, 1993.
*138 Bradley Winston of Law Offices of Bradley Winston, P.A., Fort Lauderdale, for appellant.
Joel M. Weissman of Joel M. Weissman, P.A., West Palm Beach, for appellee.
POLEN, Judge.
Appellant, former wife, brings this non-final appeal from the trial court's grant of the former husband's post judgment motion, which sought to allow a challenge to the validity of a domesticated foreign judgment. We affirm the order to the extent that it allowed the former husband to file a petition to contest the validity of the foreign judgment and confirmed that no stay of execution had been granted. The trial court's order is in error, however, in that the order permits the former husband to file a "responsive pleading" in the former wife's enforcement action.
On June 28, 1990, a money judgment was entered in New York state against the former husband in the amount of $78,111.45. The judgment represented temporary alimony, child support, and attorney's fees the former husband owed the former wife. The former husband failed to appear before the New York court to contest that judgment. An absolute judgment of divorce was entered in New York two months later, with the former husband again having failed to appear before the court. The final paragraph of the judgment of divorce provided:
ORDERED AND ADJUDGED that this judgment shall not replace or supercede either the order of this Court dated May 29, 1990 or the judgment of this Court entered on June 28, 1990, [the money judgment] both of which shall survive this judgment.
The former wife recorded the foreign judgment in Palm Beach County, Florida, on December 28, 1990, pursuant to the Florida Enforcement of Foreign Judgments Act, sections 55.501, et seq., Florida Statutes (1989). On March 8, 1991, the former wife filed a notice of filing in Palm Beach Circuit Court, with a copy sent to the former husband's attorney. On April 5, 1991, the former wife filed a petition for writ of execution, alleging that the former husband failed to contest the jurisdiction of the court that entered the foreign judgment within thirty (30) days of the date of recording the judgment, pursuant to section 55.509. On September 26, 1991, the former wife filed a second judgment creditor's notice of filing, again sending a copy to former husband's counsel.
*139 The former husband's first response to the various notices came on November 13, 1991. At that time he filed a "motion to set aside default, if any,"[1] an answer responding to the recording of the foreign judgment, a motion to stay execution against his homestead property, and a petition to contest the validity of the foreign judgment pursuant to section 55.509(1). In his petition to contest the validity of the foreign judgment the former husband argued that the foreign judgment was procured through extrinsic fraud.
The former wife responded to these motions with motions of her own which argued, inter alia, that the husband had failed to comply with the statutory prerequisites to maintaining an action to contest the validity of the foreign judgment. Her other challenges dealt with the merits of the husband's action.
The trial court conducted a hearing on all pending motions filed as of December 12, 1991. On January 22, 1992, the court entered an order entitled "Order Granting Motion [to] Set Aside Default," in which the court concluded that "this cause is not considered to be in default at this time. The Former Husband shall have the right to file a responsive pleading within 10 days of the date of the entry of this order." Further, the court determined that "the matters contained in Florida Statute 55.509(2) which may require the posting of a bond is (sic) not appropriate in this circumstance and as such the court does not require the posting of any security as a result of this order."
The former wife's points on appeal present two issues: 1) The trial court erred in failing to afford the foreign judgment full faith and credit by allowing the former husband to file a challenge to the validity of the foreign judgment; and 2) The trial court erred in failing to require the former husband to post security for satisfaction of the foreign judgment. We note that both parties to this appeal attempt to argue the merits of the former husband's petition to contest the validity of the foreign judgment. However, our reading of the record and the trial court's order make it clear that the court did not address the merits of the former husband's petition, but rather found that no default had been entered against the former husband in Florida and allowed him to file a challenge to the foreign judgment. Argument regarding the merit, or lack thereof, in the former husband's challenge to the validity of the foreign judgment is premature, as the trial court has not yet ruled on that issue.
The Florida Enforcement of Foreign Judgments Act, section 55.501, et seq., Florida Statutes (1989), provides a method by which a foreign judgment may be domesticated. Pursuant to the Full Faith and Credit Clause of the United States Constitution, the foreign judgment must be recognized, but it may be attacked for either lack of jurisdiction or extrinsic fraud. Hinchee v. Golden Oak Bank, 540 So.2d 262 (Fla. 2d DCA 1989). The validity of the foreign judgment must be analyzed under the law of the foreign state. Id. at 263.
Section 55.503(3) provides in pertinent part that "[n]o execution or other process for enforcement of a foreign judgment recorded hereunder shall issue until 30 days after the mailing of notice by the clerk [to the judgment debtor]," and section 55.509 provides for an action to challenge the validity of the foreign judgment. This does not mean, however, that a collateral attack must occur within thirty days or be forever barred. Jones v. Directors Guild of America, Inc., 584 So.2d 1057, 1060 (Fla. 1st DCA 1991). Rather, "[i]f a collateral attack is not begun within thirty days, the judgment creditor may proceed to enforce the foreign judgment and the foreign judgment will operate as a lien." Id. at 1061.
In the instant case, the former wife recorded the foreign judgment and notice was sent to the former husband. The former husband did not collaterally attack the judgment within thirty (30) days. Therefore, the former wife was allowed to *140 proceed to enforce the foreign judgment. This the former wife did by filing a petition for writ of execution. The trial court correctly determined that the former husband was not barred from collaterally attacking the foreign judgment solely because he failed to initiate such a challenge within thirty (30) days of the mailing of notice by the clerk of the court. However, while the former husband is allowed to file a petition to contest the validity of the foreign judgment, and thus challenge the judgment in an independent action, Chapter 55 would not allow the former husband to file an answer or "responsive pleading" to the former wife's petition for writ of execution. Thus, the trial court's order is in error in so far as the court allows the former husband to file a "responsive pleading." Nor could the former husband's "Motion to Set Aside Default, If Any" have been effective, as recordation of the foreign judgment did not constitute a default judgment in the Florida court.
Therefore, in so far as the trial court's order would allow the former husband to challenge the validity of the foreign judgment by way of an independent action for extrinsic fraud, we affirm the order. We note again that the merits of the husband's challenge to the validity of the foreign judgment are not properly before this court, and we decline to determine whether the allegations would support the vacation of the foreign judgment.
We also hold that the trial court did not err in refusing to require the former husband to post a bond. The former husband's collateral attack on the judgment, begun as it was after the thirty (30) day automatic stay period, does not have the effect of staying enforcement of the judgment. Nor does it appear from the record that the former husband has shown the circuit court "any ground upon which enforcement of [the] judgment ... would be stayed... ." § 55.509(2). Therefore enforcement of the foreign judgment is not stayed, and the question of whether the former husband is required to post a bond pursuant to section 55.509(2), Florida Statutes (1989), is not implicated unless and until he seeks and is granted a stay of the enforcement proceedings.
AFFIRMED.
GUNTHER and WARNER, JJ., concur.
NOTES
[1] The former husband's motion sought to set aside any default that may have been entered in the Florida domestication procedure, and not the New York default judgment.