631 So.2d 1123 (1994)
BEST FORM, INC., Appellant,
v.
RICHARDS PRODUCTS, INC., Universal Laboratories, Inc., Appellees.
No. 93-0256.
District Court of Appeal of Florida, Fourth District.
January 19, 1994.
Rehearing and Rehearing Denied March 9, 1994.
Dennis J. McGlothin and Anthony W. Pellegrino of Dennis J. McGlothin, P.A., Fort Lauderdale, for appellant.
Jerome L. Hall, Fort Lauderdale, for appellees.
Rehearing and Rehearing En Banc Denied March 9, 1994.
KLEIN, Judge.
We reverse a denial of recognition of a Minnesota judgment because we conclude that the trial court misinterpreted Minnesota law when he concluded that Minnesota did not have personal jurisdiction over the defendants.
Appellant Best Form, Inc., sued appellees Universal Laboratories, Inc., and Richards *1124 Products, Inc., in Minnesota alleging that they had misrepresented nutritional supplements which they had produced and sold to Best Form. Universal and Richards did not appear in Minnesota and suffered a default judgment and thereafter a money judgment.
Best Form then sought to enforce the judgment in Florida, and Universal and Richards claimed the Minnesota judgment should not be given full faith and credit in Florida because Minnesota did not have personal jurisdiction over them. The trial court concluded, after hearing evidence, that under Minnesota law Universal and Richards had insufficient contacts in order for Minnesota to have personal jurisdiction over them and refused to enforce the Minnesota judgment.
A preliminary issue is whether the issue of personal jurisdiction in Minnesota can now be litigated in Florida. Since the defendants did not appear in Minnesota and thus did not litigate that issue, they are entitled to raise that issue in Florida. Riskin v. Miklos, 569 So.2d 940 (Fla. 3d DCA 1990), Ratner v. Hensley, 303 So.2d 41 (Fla. 3d DCA 1974), and § 81, Restatement (Second) of Judgments, illustration 1. See also, Haas v. Haas, 59 So.2d 640 (Fla. 1952) (if the court of the foreign state rendering the judgment has expressly litigated jurisdictional questions, those issues are res judicata). Defendants were thus entitled to litigate in Florida whether Minnesota had personal jurisdiction over them.
Although the trial court properly looked to Minnesota law[1] in order to decide this issue, we conclude that he misinterpreted Minnesota law when he determined that Minnesota had no personal jurisdiction over Universal Laboratories, Inc.
At the evidentiary hearing in Florida Best Form's president testified that Best Form was a wholesale and mail order business in Minnesota and sold Universal products. He further testified that he had been contacted by a Universal agent in Minnesota, Ed Bedsted, and by Universal's out-of-state salesman, David Taylor. He testified that Universal products were being distributed to other outlets in Minnesota including General Nutrition Centers, and that a well-known bodybuilder passed out promotional posters with Universal's name on them in Minnesota.
Ed Bedsted, who owned a gym in Minnesota, testified that he had been contacted by Universal and became their distributor for resale of their products in Minnesota. He displayed their products at trade shows and bodybuilding contests and attempted to keep any unhappy customers of Universal happy by replacing unsatisfactory Universal products. Universal had placed an advertisement in a national magazine showing Bedsted as a distributor of Universal products, and Universal advertisements named Bedsted as a Universal distributor in Minnesota.
In Rostad v. On-Deck, 372 N.W.2d 717 (Minn. 1985), the Minnesota Supreme Court held that the New Jersey manufacturer of a product was subject to personal jurisdiction in Minnesota when its defective product injured a person in Minnesota. Although the manufacturer had no offices or agent in Minnesota, its product was sold in Minnesota through distributors. The Minnesota Supreme Court adopted the "stream of commerce" theory of Worldwide Volkswagen v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), and concluded that the manufacturer's marketing efforts to create a national market for its product and the placing of its product in the stream of commerce to serve national markets which included Minnesota subjected the manufacturer to personal jurisdiction in Minnesota.
Because of the similarity between the facts in this case, which are not in dispute, and the facts in Rostad, we conclude that the trial court misinterpreted Minnesota law when he denied enforcement of the Minnesota judgment against Universal. Since Best Form makes no argument on appeal that there were facts which would have given Minnesota personal jurisdiction over Richards Products, Inc., we affirm as to Richards, but reverse and remand for the trial court to grant enforcement *1125 of the Minnesota judgment against Universal Laboratories, Inc.
WARNER and PARIENTE, JJ., concur.
NOTES
[1] The validity of a foreign judgment under these circumstances is determined by the law of the state rendering the judgment. Milligan v. Wilson, 130 So.2d 644 (Fla. 2d DCA 1961), and cases cited therein.