708 So.2d 1040 (1998)
Mark WELLINGTON, Appellant,
v.
DEPARTMENT OF REVENUE on Behalf of Debra KOBER, Appellee.
No. 97-3924.
District Court of Appeal of Florida, Fourth District.
April 29, 1998.
Alan I. Mishael of Gallwey Gillman Curtis Vento & Horn, P.A., Miami, for appellant.
No brief filed for appellee.
KLEIN, Judge.
Appellee Kober obtained a support judgment in Iowa for a child she alleged she had with the appellant. In this action to enforce the Iowa judgment against the appellant, the trial court held that appellant could not collaterally attack the Iowa judgment for lack of personal jurisdiction because the Iowa court had made a finding in the judgment that appellant had been personally served. We reverse.
The foreign court's statement regarding personal service is not determinative where, as here, the Iowa judgment was entered against appellant by default. He did not appear, answer or contest jurisdiction. He is, therefore, entitled to now raise the issue of whether the Iowa court had personal jurisdiction over him. Best Form, Inc. v. Richards Products, Inc., 631 So.2d 1123 (Fla. 4th DCA 1994); Riskin v. Miklos, 569 So.2d 940 (Fla. 3d DCA 1990); Ratner v. Hensley, 303 So.2d 41 (Fla. 3d DCA 1974), and Restatement (Second) of Judgments, § 81, illus. 1. See also, Haas v. Haas, 59 So.2d 640 (Fla. 1952) (if the court of the foreign state rendering the judgment has expressly litigated jurisdictional questions, those issues are res judicata).
We therefore reverse and remand for the trial court to determine whether the Iowa court did have personal jurisdiction over appellant. Appellant will have the burden of proving that the Iowa tribunal lacked personal jurisdiction over him. § 88.6071(1)(a), Fla. Stat. (1997).
FARMER and STEVENSON, JJ., concur.