885 So.2d 933 (2004)
Claire WHIPPLE, Appellant,
v.
JSZ FINANCIAL COMPANY, INC., Appellee.
Nos. 4D03-153, 4D03-3332, 4D03-3537.
District Court of Appeal of Florida, Fourth District.
October 27, 2004.
Rehearing Denied November 24, 2004.
*935 Michael A. Pfundstein of Tripp Scott, P.A., Fort Lauderdale, for appellant.
J.H. Zidell of J.H. Zidell, P.A., Miami Beach, for appellee.
SHAHOOD, J.
This is a consolidation of three appeals. In the first appeal, Claire Whipple (Whipple) appeals an adverse final judgment enforcing a default judgment entered against her in favor of JSZ Financial Company, Inc. (JSZ) by a Texas court. She also appeals a final judgment ordering her to pay costs to JSZ. The third appeal is by JSZ from an order denying its motion for attorney's fees.
This case began on June 14, 1996 in Dallas County, Texas, when JSZ obtained a default judgment against Whipple in the amount of $18,566.45. JSZ subsequently recorded the judgment in Broward County, Florida, in October of that same year, and mailed notice to Whipple. In November, JSZ filed motions in the Broward County Circuit Court, seeking to enforce the judgment by having one of Whipple's bank accounts garnished.
Whipple filed a motion to dissolve the writ of garnishment arguing, among other things, that the Texas judgment was void and of no force because she was not properly served in that action and was, therefore, not subject to the jurisdiction of the Texas court. She also filed a counterclaim against JSZ asserting the failure of service of process and the invalidity of the foreign judgment. In a supporting affidavit, Whipple stated that she first learned of the Texas action and resulting judgment when she was notified by her bank of the garnishment proceedings. The court denied Whipple's motion for summary judgment on her counterclaim as well as JSZ's motion to strike the counterclaim.
After JSZ obtained a Writ of Execution authorizing the seizure of Whipple's personal property, namely her Mercedes Benz, she satisfied the judgment with a cashier's check in the amount of $20,045.60, which included interest and the sheriff's cost. The court then granted JSZ's motion to dismiss after filing satisfaction of judgment. The motion was first granted without prejudice and later with prejudice, with Whipple's counterclaim being dismissed as well. This court reversed that order, holding that because the judgment was satisfied under the threat of levy of execution, the satisfaction was not voluntary and Whipple did not waive her rights to proceed with her challenge to the validity of the Texas judgment. Whipple v. JSZ Fin. Co., 717 So.2d 608, 609 (Fla. 4th DCA 1998).
On remand, following a hearing, the trial court entered final judgment in favor of JSZ, based on the following findings:
[T]he Dallas Court had jurisdiction over the Defendant and the Judgment it entered was valid. The Court finds good service when the method employed is reasonably calculated to put a party on notice. The Defendant had the indicia of residence in Texas. The Defendant admitted receiving mail at her Texas address that she chose not to open, but put in a box and brought to Florida. The burden is on the Defendant to show that the Texas Judgment is invalid, and this she has failed to do. The thirty-day time period to appeal the Texas Judgment has long expired.
Accordingly, the trial court entered final judgment in favor of JSZ, noting that the judgment had been previously satisfied. *936 In addition, the court entered a judgment for costs against Whipple, ordering her to pay JSZ costs in the amount of $3,407.91, plus post-judgment interest. JSZ's motion for attorney's fees pursuant to a prior offer of judgment was denied. For the following reasons, we reverse both the final judgment and the judgment on costs against Whipple, and affirm the order denying JSZ's motion for attorney's fees.
In the trial court below, Whipple contested the validity of the final judgment of default on the ground that service of process in Texas was not properly effectuated. Prior to addressing the merits of this claim, we first address JSZ's arguments that Whipple waived this issue by either failing to appeal the Texas judgment or failing to contest the default judgment when it was recorded in Florida. Neither argument has merit.
We are mindful of the fact that judgments of foreign courts are to be given full faith and credit of the law by courts in every jurisdiction. See Art. IV, § 1, U.S. Const. An exception to this requirement, however, occurs when the foreign court lacked either personal or subject matter jurisdiction. See In re Estate of O'Keefe, 833 So.2d 157, 160 (Fla. 2d DCA 2002).
The issue of whether a foreign court had jurisdiction is res judicata and not subject to collateral attack if it was previously addressed in the foreign court and the defendant had a full and fair opportunity to litigate the issue in the foreign court. See Baker v. Bennett, 633 So.2d 91 (Fla. 4th DCA 1994). If, however, the defendant did not have the opportunity to contest jurisdiction, he may raise the issue subsequently in a proceeding brought to enforce the judgment. See Wellington v. Dep't of Revenue, 708 So.2d 1040 (Fla. 4th DCA 1998)(where foreign judgment was entered by default and defendant had no prior opportunity to answer or contest jurisdiction, he could litigate that issue in Florida court); accord Best Form, Inc. v. Richards Prods., Inc., 631 So.2d 1123, 1124 (Fla. 4th DCA 1994).
In this case, there is no dispute that the Texas judgment was entered against Whipple by default. Whipple argues that her failure to respond was because she was not properly served and therefore had no notice. The case of Archbold Health Services, Inc. v. Future Tech Business Systems, Inc., 659 So.2d 1204 (Fla. 3d DCA 1995), upon which JSZ relies, is distinguishable. In Archbold Health Services, the Third District Court of Appeal upheld a foreign default judgment where, although the defendant did not appear at the default hearing, the Georgia trial court considered the defendant's jurisdictional arguments which had been made in a previously filed motion to dismiss the complaint. Id. at 1205. That is not the case here. It is undisputed that Whipple did not physically attend the default hearing in Texas and did not file any pleadings, arguments, evidence, or memoranda which the trial court considered before entering the judgment. Thus, Whipple did not litigate the issue of the validity of the service of process either in person or otherwise.
JSZ's second argument in support of waiver is that Whipple failed to object to the foreign judgment within thirty days after it was recorded in Florida; therefore, pursuant to section 55.509, Florida Statutes (1995), the issue has been waived. Section 55.509, "Stay of enforcement of foreign judgment," states:
(1) If, within 30 days after the date the foreign judgment is recorded, the judgment debtor files an action contesting the jurisdiction of the court which entered the foreign judgment or the validity *937 of the foreign judgment and records a lis pendens directed toward the foreign judgment, the court shall stay enforcement of the foreign judgment and the judgment lien upon the filing of the action by the judgment debtor.
(2) If the judgment debtor shows the circuit or county court any ground upon which enforcement of a judgment of any circuit or county court of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period, upon requiring the same security for satisfaction of the judgment which is required in this state.
§ 55.509, Fla. Stat. (1995). This court has expressly held that the thirty-day time period applies only to the issuance of a stay of enforcement of the judgment and does not require that a collateral attack be instituted within thirty days or be forever barred. See Nichols v. Nichols, 613 So.2d 137, 138 (Fla. 4th DCA 1993)(section 55.509, Florida Statutes, means only that if the debtor does not collaterally attack the foreign judgment within thirty days, it operates as a lien and the judgment creditor may proceed to enforce it). Thus, based on the foregoing, neither of JSZ's arguments supports a finding that Whipple waived her right to collaterally attack the foreign judgment.
The law of the state rendering the judgment governs the issue of the judgment's validity. See Best Form, Inc., 631 So.2d at 1124 n. 1 (citation omitted). Texas requires strict compliance with the rules of procedure governing service of process. See Primate Constr., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex.1994) (holding that a default judgment is void unless the record shows strict compliance with the rules governing issuance, service, and return of citation). Unless there has been strict compliance, a default judgment will not stand. See Faggett v. Hargrove, 921 S.W.2d 274, 276 (Tex.Ct.App.1995), overruled in part on other grounds by Barker CATV Constr., Inc. v. Ampro, Inc., 989 S.W.2d 789 (Tex.Ct.App.1999) (en banc). There are no presumptions of valid issuance, service or return of citation when examining a default judgment. See Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885 (Tex.1985). "Jurisdiction over the defendant must affirmatively appear by a showing of due service of citation, independent of the recitals in the default judgment." Kubovy v. Cintas Corp., No. 01-02-00521-CV, 2003 WL 21299938, *1 (Tex.Ct.App. Jun. 5, 2003)(citing Faggett, 921 S.W.2d at 276).
The Texas Rules of Civil Procedure allow for notices to be served by individuals other than a sheriff or constable or other lawful official provided there is a written order of the court authorizing service by such person. See Tex.R. Civ. P. 103. Rule 107, Texas Rules of Civil Procedure, prescribes the form of the Return of Service which is to be filed with the court. It requires the server to sign a verified endorsement stating the time and manner of service and containing a return receipt with the addressee's signature. See Tex.R. Civ. P. 107.
In Brown v. Clark Cincinnati, Inc., No. 2-02-378-CV, 2003 WL 22147555 (Tex.Ct.App. Sept. 18, 2003), the defendant challenged the validity of the service on the ground that there was no proof in the record to substantiate that the process server was authorized to serve process. The return of service in that case contained a sworn verification wherein the server stated that he executed the return, was over the age of eighteen, was not a party to the suit, and had "been authorized by the Denton County Courts to serve process for Denton County." Id. at *5. The court held that "[b]ecause the return of service constitutes prima facie evidence *938 of the facts asserted therein, we conclude that Wheeler was authorized by the Denton County courts to serve process in Denton County." Id.
In this case, unlike in Brown, the process server did more than merely sign and submit a sworn statement verifying his authorization. He also submitted an Order Authorizing Individual to Serve Process. Unfortunately, the order indicated that the server's authorization expired on December 31, 1995, and, thus, contradicted his sworn affidavit. While it may have been a voluntary act on the server's part to submit the authorizing order, as JSZ argues, it actually served to refute the prima facie evidence of authorization provided by the affidavit and created a factual question to be resolved as to whether the process server was authorized to serve process on Whipple on February 5, 1996. Certainly JSZ did not raise the issue in court and Whipple was not present to challenge the service, so the default judgment is invalid on its face due to the failure to strictly comply with the rules of procedure.
JSZ argues that the process server merely inadvertently attached the wrong court order and points out that the return of service was later amended (albeit two years) and argues that this should correct the minor defect or technical insufficiency created by the process server's initial error. This argument has no merit. The process server's amended return of service was filed in the Texas trial court on November 4, 1998, along with an affidavit and Order Authorizing Individual to Serve Process. The second Order Authorizing Individual to Serve Process indicated that the process server was signed on January 4, 1996 and indicated that the process server was authorized through December 31, 1996.
Rule 118, Texas Rules of Civil Procedure, states:
At any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.
See also TAC Americas, Inc. v. Boothe, 94 S.W.3d 315, 321 (Tex.Ct.App.2002) (Rule 118 allows for "liberal amendment of the return of service in order to show the true facts of service."). Cases suggest that amendment after entry of the default judgment, while a case is pending in the appellate court, is insufficient to cure any error and confer personal jurisdiction. See Firman Leather Goods Corp. v. McDonald & Shaw, 217 S.W.2d 137, 139 (Tex.Civ.App.1948) ("It is to be observed that Rule 118 seems to provide some notice to parties adversely interested, for it says: `upon such notice * * * as it deems just'. This, it is thought, would not authorize a court to direct or sanction the amendment of a return to process after the judgment had become final, at another term, without some notice to the party adversely interested.").
In Firman, the return of service did not comply with the rules and was not amended to show compliance until after entry of the default judgment and the filing of the writ of error in the court of appeal. Id. at 140. On these facts, the court held that the amendment could not be considered to defeat the defendant's claim on appeal, reasoning:
It is fundamental, we think, that before a personal judgment is rendered against a defendant that the judgment roll should show personal service of the citation or an appearance by the defendant. At the time the judgment was rendered on November 4th there was no proof of *939 personal service upon the appellant defendant.
Id.; see also Zaragoza v. De La Paz Morales, 616 S.W.2d 295, 296 (Tex.Civ.App.1981) (holding that after an appeal has been perfected, the trial court may not change the record that existed at the time the judgment was granted).
Although this case is not one in which Whipple filed an appeal that suspended proceedings below, Firman applies with greater force because these proceedings are even further removed from the Texas district court proceedings which resulted in the default judgment. Because of the potential for prejudice to Whipple, certainly a Texas court would not sanction allowing an amendment to the return of service two years after its filing and two years after entry of the default judgment. Thus, the foreign judgment is not entitled to full faith and credit in Florida because the trial court lacked personal jurisdiction over Whipple based on the invalid service of process and the default judgment is null and void.
Because the Texas court lacked personal jurisdiction over Whipple based on the invalid service of process, all subsequent proceedings are null and void, including the domestication of the judgment in Florida.
Because we are reversing the proceedings in Florida, we also reverse the costs judgment entered against Whipple in favor of JSZ. We affirm the trial court's order denying JSZ attorney's fees against Whipple.
AFFIRMED in part; REVERSED in part with directions to enter judgment in favor of Whipple.
STEVENSON and MAY, JJ., concur.