980 So.2d 1241 (2008)
Leslie WILLIAMS, Appellant,
v.
CADLEROCK JOINT VENTURE, L.P., an Ohio limited partnership, Appellee.
No. 4D07-2594.
District Court of Appeal of Florida, Fourth District.
May 7, 2008.
Peter N. Hanna, Fort Lauderdale, for appellant.
Keith A. Graham of Marchena and Graham, P.A., Orlando, for appellee.
MAY, J.
The appellant, a six-foot black man living in Florida, challenges an order domesticating a foreign judgment against him and denying his motion to stay enforcement. He argues that entry of the order against him was erroneous because service was made, and a default and deficiency judgment entered, against a five foot, five inch black woman in New York. We agree and reverse.
In 1996 Cadlerock Joint Venture, L.P. filed suit against Leslie Williams and Lenford Johnson, amongst others, in United *1242 States District Court for the Southern District of New York. On April 30, 1996, the summons and complaint with lis pendens were personally served on a Leslie Williams, a five foot, five inch tall black woman, approximately 41 years of age, who lived in New York.
In August 1996 Cadlerock made an application for default judgment. On September 5, 1996, the district court entered a default judgment against the New York Leslie Williams and others. The property at issue was sold and a deficiency judgment was entered against the defendants, including Leslie Williams.
Some time prior to June 2005 Cadlerock recorded its New York deficiency judgment against Leslie Williams in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. On August 8, 2006, orders to compel discovery relating to assets of Leslie Williams were personally served on the appellant, a six-foot black male in his early forties, in Broward County.
The appellant retained counsel and filed a motion to stay enforcement of the foreign judgment. The motion alleged the foreign judgment was void for lack of service of process. The appellant set the motion for a non-evidentiary hearing. Unexpectedly, Cadlerock brought an out-of-state witness. The trial court offered to hear the witness and to reserve ruling to allow the appellant to introduce evidence at a later time.
The appellant argued that he was not the proper judgment creditor since Cadlerock's affirmation in support of the default judgment in New York established that the Leslie Williams served in New York was a woman and the person with whom it did business. The appellant did not seek to vacate the default or deficiency judgment against the New York woman. Cadlerock responded that the deposition testimony of another judgment debtor Lenford Johnson revealed that the appellant was the actual judgment debtor intended to be included in its lawsuit.
The trial court commented:
I'm going to accept the fact that there was a female that was served, that person, then that could invalidate the service, that still is a different issue then I am not the Leslie Williams that did business with this company. I can set aside all of this and put them back to where they are to start, but your guy is not going to perjure himself before me . . . without there being some consequence.
The trial court beseeched the appellant to provide an affidavit of non-identity so that it could dismiss him from the suit. The appellant's affidavit, however, only attested that he was not the woman who had been served in New York.
Cadlerock acknowledged that it did not have any evidence that the appellant was served in the New York suit. However, it argued that the woman served in New York might have been a relative of the appellant who properly accepted service. Cadlerock asked the court to compel discovery and declare the New York judgment valid and properly domesticated in Florida. The trial court granted Cadlerock's motion to domesticate the New York judgment and allowed Cadlerock to pursue post-judgment discovery against the appellant.
The central issue in the case is whether the trial court erred in finding that Cadlerock properly domesticated its foreign judgment against the appellant when he was not the person served in New York. Cadlerock argues that the appellant failed to prove non-identity or that he lacked minimum contacts with New York. While this may be true, the appellant did establish *1243 that Cadlerock never served the appellant in the New York lawsuit.
This issue presents a mixed question of law and fact. We review all legal determinations de novo, but test findings of fact to see if they are supported by competent, substantial evidence. See State v. Glatzmayer, 789 So.2d 297, 301 n. 7 (Fla.2001).
Under the Federal Constitution, foreign judgments are to be given full faith and credit of the law by courts in every jurisdiction. Art. IV, § 1, U.S. Const.; Whipple v. JSZ Fin. Co., 885 So.2d 933, 936 (Fla. 4th DCA 2004). The Florida Enforcement of Foreign Judgments Act provides for a challenge to the domestication of a foreign judgment.
(1) If, within 30 days after the date the foreign judgment is recorded, the judgment debtor files an action contesting the jurisdiction of the court which entered the foreign judgment or the validity of the foreign judgment and records a lis pendens directed toward the foreign judgment, the court shall stay enforcement of the foreign judgment and the judgment lien upon the filing of the action by the judgment debtor.
§ 55.509(1), Fla. Stat. (2005). We have previously held that the statute "does not require that a collateral attack be instituted within thirty days or be forever barred." Whipple, 885 So.2d at 937 (citing Nichols v. Nichols, 613 So.2d 137, 139 (Fla. 4th DCA 1993)).
A foreign judgment need not be recognized if the foreign court lacked either personal or subject matter jurisdiction. Id. at 936 (citing O'Keefe v. O'Keefe (In Re Estate of O'Keefe), 833 So.2d 157, 160 (Fla. 2nd DCA 2002)). If the issue of personal jurisdiction over the defendant was litigated in the foreign court, then its ruling is res judicata and not subject to collateral attack. Id. (citing Baker v. Bennett, 633 So.2d 91, 92 (Fla. 4th DCA 1994)). "If, however, the defendant did not have the opportunity to contest jurisdiction, he may raise the issue subsequently in a proceeding brought to enforce the judgment." Id. (citing Wellington v. Dep't of Revenue ex rel. Kober, 708 So.2d 1040, 1040 (Fla. 4th DCA 1998)).
Here, the appellant had the burden of proving that the foreign court did not have personal jurisdiction over him. Wellington, 708 So.2d at 1040. The New York record clearly showed that a female named Leslie Williams was served with process. Cadlerock affirmed that fact when it moved for default judgment. The New York court therefore lacked personal jurisdiction over the appellant. Thus, the appellant met his burden.
The trial court erred when it domesticated Cadlerock's deficiency judgment against a New York woman on a Florida man with the same name. The order of domestication and denial of the stay are reversed.
Reversed.
SHAHOOD, C.J., and POLEN, J., concur.