DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDWIN R. JONAS, III,**
Appellant,

v.

**LINDA B. JONAS,** individually and as Trustee of a constructive trust;
and **NANCY GOLD,** individually,
Appellees.

No. 4D13-1438

[December 10, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lucy Chernow Brown, Judge; L.T. Case No. 502002CA005708AH.

Roderick V. Hannah of Roderick V. Hannah, P.A., Hollywood, for appellant.

Eric C. Christu of Shutts & Bowen, LLP, West Palm Beach, for appellee Linda B. Jonas.

WARNER, J.

Appellant challenges the trial court's dismissal of his action collaterally attacking a domesticated foreign judgment on the grounds of comity, and the principles of priority. The court determined that these proceedings arose out of a New Jersey divorce, and taking jurisdiction would interfere with New Jersey's exercise of jurisdiction. We affirm.

In 1997, the appellee/former wife domesticated judgments in Florida which arose from the parties' New Jersey divorce. Those decrees awarded the former wife judgments for unpaid alimony and child support. The New Jersey court also directed the establishment of a constructive trust to be funded with properties owned by the appellant/former husband, which it instructed the former wife to sell. In its order, the court provided that the former wife may pay the judgments from these funds if the former husband otherwise defaulted on his obligations.

Five years later, in 2002, the former husband filed suit in Florida collaterally attacking the domesticated foreign judgment, for breach of trust, breach of fiduciary duty and negligence. He demanded an accounting of the New Jersey constructive trust as he claimed that the former wife had mismanaged the assets of the trust, and the judgments should have been paid from the constructive trust proceeds. Thus, he claimed that the domesticated judgments should be satisfied.

The proceedings became complicated, and several orders of the Florida courts required the former husband to return to New Jersey to litigate the trust issues. He had filed proceedings to litigate the issue in New Jersey, but the New Jersey court denied his requests for accounting *without prejudice*, because he had absconded from the jurisdiction. The court ruled that if he would return to the state, those claims would be considered.[1]

In the meantime, the former husband moved to Montana, and the former wife also domesticated the judgments in Montana. The former husband made the same claims in Montana as he did in Florida and litigated those claims. The Montana courts declined jurisdiction, requiring the former husband to return to New Jersey, as demanded by the New Jersey courts, to litigate the matter.

Not to be deterred, the former husband filed a second amended complaint in Florida again raising the same claims. Upon motion by the former wife, the trial court dismissed the claims based upon priority and comity.

On appeal, the former husband claims that Florida has subject matter jurisdiction to adjudicate a collateral attack on a domesticated judgment, citing to *Nichols v. Nichols*, 613 So. 2d 137, 139 (Fla. 4th DCA 1993), which holds that a foreign judgment, domesticated in Florida, can be collaterally attacked based upon extrinsic fraud. *Nichols* is inapplicable. The former husband is not challenging the validity of the New Jersey judgment; he is claiming that the Florida domesticated judgment should have been satisfied through application of the funds in the constructive trust. All of his claims revolve around the management of the constructive trust by the former wife and the application of its proceeds to satisfying his obligations to her. *Nichols* does not control this case.

---

[1] Also delaying further proceedings in Florida was the former husband's bankruptcy.

Instead, principles of comity and priority required the court to decline jurisdiction, as the trial court properly found. Proceedings involving this family began in New Jersey in the 1990s. The courts of that state assumed jurisdiction, adjudicated the alimony obligations and child support, and directed the establishment of the constructive trust which is the source of much of the litigation here. Although ordered to appear in New Jersey, the former husband has refused and absconded. When the former husband, through counsel, sought an accounting of the constructive trust, complaining that the former wife was mismanaging the funds and not using them to satisfy his obligations, the New Jersey courts determined that those claims could be considered *when the former husband returned to New Jersey.* These orders were appealed and affirmed by the New Jersey courts. Thus, the former husband can obtain the relief he seeks in New Jersey.

Comity requires the courts of this state to refrain from exercising jurisdiction in this case. The New Jersey courts have prior jurisdiction and have demanded that, in order to obtain relief, the former husband return to their jurisdiction, from which he absconded.

> When a court is confronted with an action that would involve it in a serious interference with or usurpation of this continuing power, 'considerations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction * * * and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there.'

*Mann Mfg, Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) (footnote omitted); *see also Cermesoni v. Maneiro*, 144 So. 3d 627, 630 (Fla. 3d DCA 2014) (quoting *Mann*). The Montana court also followed that principle when the former husband sought the same relief there. Consistent with the Montana court, we too require the former husband to return to New Jersey to pursue his relief.

While the principle of priority also applies, as New Jersey was the first court to assert jurisdiction, *see Siegel v. Siegel*, 575 So. 2d 1267 (Fla. 1991), the usual remedy in such cases is to stay the subsequent proceeding in favor of the prior proceeding. Under the circumstances of this case, however, the court did not err in dismissing the case rather than issuing a stay. This litigation has been pending in the Florida courts for twelve years. Prior orders of the Florida trial courts have determined that New Jersey is the appropriate forum, yet the former husband has failed to litigate in that forum. The interests of judicial economy and finality require

that this action in Florida come to an end. If the former husband is successful in having the judgments in New Jersey satisfied, he can file those satisfactions in Florida and the domesticated judgments will also be satisfied.

Having been told by two states that he must pursue his claims in New Jersey, the former husband should do so. We affirm the ruling of the trial court.

TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4