DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDWIN R. JONAS, III,**
Appellant,

v.

**LINDA B. JONAS,** individually and as Trustee of a constructive trust;
and **NANCY GOLD,** individually,
Appellees.

No. 4D13-1438

[February 11, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lucy Chernow Brown, Judge; L.T. Case No. 502002CA005708AH.

Roderick V. Hannah of Roderick V. Hannah, P.A., Hollywood, for appellant.

Eric C. Christu of Shutts & Bowen, LLP, West Palm Beach, for appellee Linda B. Jonas.

### ON MOTION FOR REHEARING

WARNER, J.

We deny appellant's motion for rehearing but vacate the prior opinion and issue the following corrected opinion.

Appellant challenges the trial court's dismissal, on grounds of comity and the principle of priority, of his action collaterally attacking a domesticated foreign judgment. The court determined that these proceedings arose out of a New Jersey divorce, and taking jurisdiction would interfere with New Jersey's exercise of jurisdiction. We affirm.

In 1997 and 1999, the appellee/former wife instituted proceedings to domesticate judgments in Florida which arose from the parties' New Jersey divorce. Those decrees awarded the former wife judgments for unpaid alimony and child support. The New Jersey court also directed the establishment of a constructive trust to be funded with properties owned

by the appellant/former husband, which it instructed the former wife to sell. In its order, the court provided that the former wife may pay the judgments from these funds if the former husband otherwise defaulted on his obligations. In the later order, the court also declined to consider the former husband's claims to an accounting of the constructive trust on the grounds that the husband had left New Jersey and refused to appear in court. The court held that it would adjudicate those claims if the former husband would return to New Jersey to contest them.[1]

In 2002, the former husband filed suit in Florida collaterally attacking the foreign judgment, for breach of trust, breach of fiduciary duty and negligence. He demanded an accounting of the New Jersey constructive trust, as he contended that the former wife had mismanaged the assets of the trust, and the judgments should have been paid from the constructive trust proceeds. Thus, he claimed that the judgments should be satisfied. In July 2003, the Florida court domesticated the New Jersey judgments, after earlier refusing to allow discovery involving credits to the judgment, due to the rulings of the New Jersey courts requiring the former husband to return to litigate those issues there.

Subsequently, the husband filed a second amended complaint in his collateral attack. The proceedings became complicated, and several orders of the Florida courts required the former husband to return to New Jersey to litigate the trust issues. He had filed proceedings to litigate the issue in New Jersey, but the New Jersey court denied his requests for accounting *without prejudice,* because he had absconded from the jurisdiction. The court ruled that if he would return to the state, those claims would be considered.[2]

---

[1] Order in *Jonas v. Jonas*, Docket No. FM-00259-89, Superior Court of New Jersey, Chancery Division, Camden County, dated May 19, 1999 ("Defendant's request that the Court order Plaintiff to give an accounting of funds held in constructive trust is denied without prejudice. In the event Defendant returns to the jurisdiction of New Jersey, appears before this Court, and is bound by the Order of this Court, the Court may order an accounting by Plaintiff of trust monies.").

[2] Also delaying further proceedings in Florida was the former husband's bankruptcy in which he filed an Adversary Complaint against his former wife making essentially the same allegations that he made in the Florida complaint. His bankruptcy petition was later dismissed. In various orders entered in that proceeding, the bankruptcy judge refused the former husband's requests for an accounting as to the trust assets because of the New Jersey proceedings.

In the meantime, the former husband moved to Montana, and the former wife also domesticated the judgments in Montana. The former husband litigated the same claims in Montana as he had filed in Florida. The Montana courts declined jurisdiction, requiring the former husband to return to New Jersey, as demanded by the New Jersey courts, to litigate the matter.

Not to be deterred, the former husband continued to pursue the second amended complaint in Florida, again raising the same claims. Finally, in 2013, upon motion by the former wife, the trial court dismissed the claims based upon priority and comity.

On appeal, the former husband claims that Florida has jurisdiction to adjudicate a collateral attack on a domesticated judgment, citing to *Nichols v. Nichols*, 613 So. 2d 137, 139 (Fla. 4th DCA 1993), which holds that a foreign judgment, domesticated in Florida, can be collaterally attacked based upon extrinsic fraud. *Nichols* is inapplicable. The former husband is not challenging the validity of the New Jersey judgment; he is claiming that the Florida domesticated judgment should have been satisfied through application of the funds in the constructive trust. All of his claims revolve around the management of the constructive trust by the former wife and the application of its proceeds to satisfying his obligations to her. *Nichols* does not control this case.

Instead, principles of comity and priority required the court to decline jurisdiction, as the trial court properly found. Proceedings involving this family began in New Jersey in the 1990s. The courts of that state assumed jurisdiction, adjudicated the alimony obligations and child support, and directed the establishment of the constructive trust which is the source of much of the litigation here. Although first ordered to appear in New Jersey in 1999, the former husband refused and left the state. When the former husband, through counsel, sought an accounting of the constructive trust, complaining that the former wife was mismanaging the funds and not using them to satisfy his obligations, the New Jersey courts determined that those claims could be considered *when the former husband returned to New Jersey.* These orders were appealed and affirmed by the New Jersey courts. Thus, the former husband can obtain in New Jersey the relief he seeks.

Comity requires the courts of this state to refrain from exercising jurisdiction in this case. The New Jersey courts have prior jurisdiction and have demanded that, in order to obtain relief, the former husband return to their jurisdiction, from which he absconded.

3

> When a court is confronted with an action that would involve it in a serious interference with or usurpation of this continuing power, 'considerations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction * * * and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there.'

*Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) (footnote omitted); *see also Cermesoni v. Maneiro*, 144 So. 3d 627, 630 (Fla. 3d DCA 2014) (quoting *Mann*). The Montana court also followed that principle when the former husband sought the same relief there. Consistent with the Montana court, we too require the former husband to return to New Jersey to pursue his relief.

While the principle of priority also applies, as New Jersey was the first court to assert jurisdiction, *see Siegel v. Siegel*, 575 So. 2d 1267, 1272 (Fla. 1991), the usual remedy in such cases is to stay the subsequent proceeding in favor of the prior proceeding. Under the circumstances of this case, however, the court did not err in dismissing the case rather than issuing a stay. This litigation has been pending in the Florida courts for twelve years. Prior orders of the Florida trial courts have determined that New Jersey is the appropriate forum, yet the former husband has failed to litigate in that forum. The interests of judicial economy and finality require that this action in Florida come to an end. If the former husband is successful in having the judgments in New Jersey satisfied, he can file those satisfactions in Florida and the domesticated judgments will also be satisfied.

Having been told by two states that he must pursue his claims in New Jersey, the former husband should do so. We affirm the ruling of the trial court.

TAYLOR and KLINGENSMITH, JJ., concur.

\*　　\*　　\*

4