DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MONTIE SPANO,**
Appellant,

v.

**WELLS FARGO EQUIPMENT FINANCE,** a Division of Wells Fargo Bank
f/k/a Greater Bay Capital,
Appellee.

No. 4D14-1686

[June 3, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. CACE12029985.

M. Ross Shulmister, Pompano Beach, for appellant.

No brief filed for appellee.

LEVINE, J.

In the present case, we consider whether a foreign judgment is enforceable in Florida and entitled to full faith and credit where it appears the foreign court granted the judgment without holding an evidentiary hearing. Montie Spano appeals an order denying her petition to invalidate a foreign judgment, arguing that the judgment was unenforceable in Florida because the Illinois court did not hold an evidentiary hearing on long-arm jurisdiction, as required by Illinois law. We agree that the record before us supports Spano's assertion that the Illinois court did not afford her a full and fair opportunity to be heard with an evidentiary hearing and, as such, the Illinois judgment was not entitled to full faith and credit in Florida.

Wells Fargo filed a complaint in Illinois against Spano for monies owed under a lease agreement allegedly guaranteed by Spano. As a basis for personal jurisdiction, Wells Fargo relied on Spano's signature on the lease agreement. Spano, a Florida resident, filed a verified answer, denying that she signed the lease and challenging the Illinois court's jurisdiction over her. Wells Fargo moved for summary judgment, and Spano filed a

response again contesting jurisdiction. Spano also filed an affidavit from an attorney familiar with her signature who affirmed that the signature on the guarantee was not Spano's. Apparently without holding an evidentiary hearing, the Illinois court granted Wells Fargo's motion for summary judgment and found Spano liable for $135,267.10.

Wells Fargo domesticated the judgment in Florida. Spano filed a petition to invalidate the foreign judgment, arguing that she had never been to Illinois, that she never had any contact with Wells Fargo, and that she did not sign the lease. Spano argued that there was no evidentiary hearing as required by Illinois law and that the jurisdictional issue was not fairly litigated in the Illinois court. She requested that the Florida court find the Illinois judgment invalid due to a lack of personal jurisdiction.

After a hearing, the Florida court denied the petition to invalidate foreign judgment. After noting the documents in the Illinois case, the Florida court found that Spano appeared, answered, and contested jurisdiction in the Illinois case. As such, the court found that Spano had a fair opportunity to litigate the jurisdictional issue. The court stated that the issue was not whether the Illinois's decision on jurisdiction was fair. The court further stated that Spano's remedy was an appeal of the Illinois order, not a collateral attack in Florida.

Whether a foreign judgment should be afforded full faith and credit is an issue of law reviewed de novo. *See Trans Healthcare, Inc. v. Creekmore*, 137 So. 3d 1112, 1115 (Fla. 3d DCA 2014). "Whether the trial court has complied with the guarantees of due process is subject to de novo review." *VMD Fin. Srvs., Inc. v. CB Loan Purchase Assocs., LLC*, 68 So. 3d 997, 999 (Fla. 4th DCA 2011) (citation omitted).

The Full Faith and Credit Clause of the United States Constitution provides:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const. art. IV, § 1. Consistent with this clause, Florida has adopted the Florida Enforcement of Foreign Judgments Act which provides that foreign judgments of other states are entitled to full faith and credit in Florida. §§ 55.501, 55.502, Fla. Stat. However, "[a] judgment rendered in

violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Similarly, if a foreign court lacked personal jurisdiction, the "foreign judgment need not be recognized." *Williams v. Cadlerock Joint Venture, L.P.*, 980 So. 2d 1241, 1243 (Fla. 4th DCA 2008).

A challenge to personal jurisdiction may be raised either in the foreign court or in the court where the judgment is sought to be enforced. If "the defendant had a full and fair opportunity to litigate the issue [of personal jurisdiction] in the foreign court," "then its ruling is res judicata and not subject to collateral attack." *Whipple v. JSZ Fin. Co., Inc.*, 885 So. 2d 933, 936 (Fla. 4th DCA 2004); *Williams*, 980 So. 2d at 1243; *see also Stoll v. Gottlieb*, 305 U.S. 165, 172-73 (1938) ("After a party has his day in court, with opportunity to present his evidence and his view of the law" as to jurisdiction, "a former judgment in a state court is conclusive" and not subject to collateral attack). "If, however, the defendant did not have the opportunity to contest jurisdiction, he may raise the issue subsequently in a proceeding brought to enforce the judgment." *Williams*, 980 So. 2d at 1243 (citation omitted). *See also Riskin v. Miklos*, 569 So. 2d 940, 941 (Fla. 3d DCA 1990) ("[W]here the jurisdictional issue is *not* fairly litigated in the initial court, the defendants are free to raise the question *de novo* in the jurisdiction in which enforcement of the judgment is attempted.").

"The validity of the foreign judgment must be analyzed under the law of the foreign state." *Nichols v. Nichols*, 613 So. 2d 137, 139 (Fla. 4th DCA 1993). In order for an Illinois court to have personal jurisdiction over a foreign defendant, the long-arm statute must be satisfied. *See* 735 Ill. Comp. Stat. 5/2-209 (West 2012). *Id.* The long-arm statute can be satisfied if a person makes a "contract . . . substantially connected with [Illinois]." 735 Ill. Comp. Stat 5/2-209(a)(7) (West 2012). Thus, if Spano did not sign the contract, the requirements of the long-arm statute would not be satisfied, and the Illinois court would not have jurisdiction over her.

In the Illinois proceedings, Spano maintained that she did not sign the contract. Spano filed an answer, affidavit, and response in opposition to the motion for summary judgment to this effect. Illinois law requires an evidentiary hearing where material evidentiary conflicts exist as to jurisdiction. *Russell v. SNFA*, 946 N.E.2d 1076, 1081 (Ill. App. Ct. 2011). Despite the material conflict on the jurisdiction issue, the Illinois court did not hold an evidentiary hearing as required by law before entering summary judgment in favor of Wells Fargo. As such, the Florida court erred in finding that Spano had a fair opportunity to litigate the jurisdictional issue, inasmuch as law from the state where the judgment

3

was entered requires an evidentiary hearing as a matter of law.

The Florida court based its decision on the fact that Spano filed documents in the Illinois court proceedings. However, simply because Spano filed these documents does not mean she had a "full and fair opportunity to litigate the issue." *Whipple*, 885 So. 2d at 936. By not holding an evidentiary hearing, the Illinois court did not properly consider Spano's jurisdictional challenge and denied Spano the opportunity to be heard in violation of due process. Because the Illinois court denied Spano her "day in court, with opportunity to present [her] evidence and [her] view of the law," the Illinois judgment was not conclusive and was subject to collateral attack. *Stoll*, 305 U.S. at 172. Because Spano effectively "did not have the opportunity to contest jurisdiction" in the Illinois court, she was also entitled to challenge jurisdiction in the Florida proceeding. *Williams*, 980 So. 2d at 1243; *see also Riskin*, 569 So. 2d at 941.

Because it appears from the record before us that the issue of jurisdiction was not fairly and fully litigated in the Illinois court, the Illinois judgment should not have been afforded full faith and credit by the Florida court. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

MAY and CIKLIN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

4