# Third District Court of Appeal

## State of Florida

Opinion filed November 13, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0889
Lower Tribunal No. 23-4848-CP-02
_____

**Marianela Dolores Lozano,**
Appellant,

vs.

**In Re: Estate of George Lester Leon-Lozano,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Valero Law PLLC, and David T. Valero, for appellant.

Florida General Counsel, P.A., and Elizabeth Hernandez and Hugo L. Garcia, for appellee Jorge Leon.

Before FERNANDEZ, SCALES and BOKOR, JJ.

PER CURIAM.

In the instant appeal, the trial court entered an order on the pleadings and without a hearing, finding that monies in an account belonged to the decedent. See Golden v. Golden, 500 So. 2d 260, 261 (Fla. 3d DCA 1986) (explaining that establishment of an account in a minor's name pursuant to the Florida Uniform Transfer to Minors Act creates a rebuttable presumption of donative intent). However, upon review of the record, Marianela Dolores Lozano was entitled to an evidentiary hearing prior to the trial court's determination of donative intent. See, e.g., Spano v. Wells Fargo Equip. Fin., 165 So. 3d 834, 836 (Fla. 4th DCA 2015) ("Whether the trial court has complied with the guarantees of due process is subject to de novo review." (quotation omitted)); Sperdute v. Household Realty Corp., 585 So. 2d 1168, 1169 (Fla. 4th DCA 1991) ("[T]he purpose of an evidentiary hearing is to allow a party to 'have a fair opportunity to contest' the factual issues . . . it is reversible error for a trial court to deny a party an evidentiary hearing to which he is entitled." (citation omitted)).

Reversed and remanded.